KEITH GAYLE, Petitioner-Appellant, v. THE HUMAN RIGHTS COMMISSION *et al.*, Respondents-Appellees.

First District (5th Division)   No. 1—90—3240

Opinion filed July 26, 1991.

Robert R. Cohen and Scott Downing, both of Edwin F. Mandel Legal Aid Clinic of the University of Chicago Law School Legal Aid Bureau, of Chicago, for petitioner.

Roland W. Burris, Attorney General, of Springfield (Alison O'Hara, Assistant Attorney General, of Chicago, of counsel), for respondents Illinois Human Rights Commission and Illinois Department of Human Rights.

Lawrence I. Kipperman and Glenn D. Newman, both of Sidley & Austin, of Chicago, for respondent Viskase Corporation.

JUSTICE MURRAY delivered the opinion of the court:

Pursuant to Illinois law (Ill. Rev. Stat. 1989, ch. 68, par. 8—111; 134 Ill. 2d R. 335), Keith Gayle (Gayle) appeals directly to this court for review of a final order of the Illinois Human Rights Commission (IHRC or Commission), denying him relief after he filed charges against the Viskase Corporation (Viskase) alleging discrimination in hiring. Gayle contends that the Commission erroneously dismissed his charge of discrimination for lack of substantial evidence and that procedures followed by the Illinois Department of Human Rights (Department) in investigating the charge were inadequate and violated his constitutional right to due process and equal protection. For reasons that follow we affirm the order of the Commission.

According to the record, Gayle is a Jamaican-born black man who speaks with a Jamaican accent and is a member of the Ethiopian Orthodox Church, one of the two fundamental branches of the Rastafarian religion.[1] As an orthodox follower of his religion, he believes that he is forbidden to cut the hair on his head with sharp objects and, for this reason, wears a beard and keeps his hair in a fashion commonly referred to as "dreadlocks."

On October 23, 1986, Gayle, while employed by Manpower Temporary Services, was assigned to work at Viskase as a mail handler. His employment at Viskase was to be temporary, while the company searched for a permanent replacement for the previous worker, a black man, who had been promoted. When Gayle learned that the company was looking to hire someone to fill the position permanently, he asked if he could apply and was told by Carol Biske, supervisor of office services at Viskase, to fill out an application.

According to the record, after Gayle inquired about the permanent position, Biske called Manpower Temporary Services, at which time she indicated that Gayle was being considered for the permanent position but that Gayle's grooming and appearance needed attention. A representative at Manpower Temporary Services suggested that Biske speak directly to Gayle about his appearance but noted that she thought his appearance "was related to his heritage."

On Monday, November 3, 1986, Gayle was interviewed for the mail handler position by M. D. Fields and Ms. Biske. Allegedly, during the interview with Biske, Gayle was told that initially there had been a lot of questions about his appearance but that his supervisor reported that he had done a good job during the week that he had worked at the company. However, Biske also allegedly told him that the company was conservative and that "his appearance was not what the company was looking for." She then told him that the position was no longer available and that his temporary services would no longer be required.

Gayle does not allege that he ever told Biske that he had religious and cultural reasons for wearing his hair in the fashion that he did. Additionally, eight other applicants were interviewed for the position and Viskase subsequently hired a white female, who had three years of mail room experience, to fill the position.

---

[1]The record indicates that Gayle listed his religion as Jewish in his original discrimination charge against the Viskase Corporation because Rastafarians consider themselves to be descendants of the Israelite nation.

Believing that he had been discriminated against because of his appearance, which was directly related to his race, religion and his national origin, in violation of the provisions of the Illinois Human Rights Act (IHRA or Act) (Ill. Rev. Stat. 1985, ch. 68, par. 1—101 *et seq.*), Gayle filed a charge against the Viskase Corporation with the Illinois Department of Human Rights on November 10, 1986. An investigation of Gayle's charge was undertaken by the Department and, at the conclusion of the investigation, Gayle's charge was dismissed for lack of substantial evidence. Ill. Rev. Stat. 1985, ch. 68, par. 7—102.

As provided for in the Act, Gayle sought review of the dismissal by the IHRC. Gayle's charge was then reviewed by a three-member panel of the Commission and, in an order dated November 14, 1989, the dismissal was affirmed, with one panel member dissenting.

Gayle then requested, and was granted, a rehearing by the full Commission. Oral argument was heard, after which the full Commission, with 2 of the 11 commissioners dissenting, concluded in an 18-page written decision that there was a lack of substantial evidence to support all aspects of Gayle's charges. The Commission then entered a final order, dated October 10, 1990, affirming the dismissal of Gayle's charge. Gayle now appeals directly to this court for review of the Commission's order, raising constitutional, evidentiary, and procedural questions.

With respect to the constitutional issues, Gayle contends that he was denied due process and equal protection. Specifically, Gayle contends that because his charge was filed in 1986, prior to certain amendments to the Act, he was not provided with a copy of Viskase's verified response or given an opportunity to reply to such response. Consequently, he argues, relying on *Lemon v. Tucker* (N.D. Ill. 1988), 695 F. Supp. 963, that his due process rights were violated and that his charge should be reinstated and a new investigation undertaken. He also argues that his due process rights were violated in that (1) he was not supplied with the substance of the evidence relied upon by the Department, (2) the Department investigated the charge via *ex parte* communications with the respondent, and (3) he was not allowed to cross-examine witnesses or compel them, by means of subpoena, to testify. Additionally, Gayle contends that the Act violates equal protection guarantees because it treats employees differently than it treats employers and because it denies employees a full evidentiary hearing, thereby treating them differently than other types of persons seeking to protect their interests.

■ Gayle apparently misapprehends the roles of the Department, the Commission, and the court in the procedures that Illinois has adopted to consider complaints alleging violations of a person's civil rights. As stated in *Jabbari v. Human Rights Comm'n* (1988), 173 Ill. App. 3d 227, 232, 527 N.E.2d 480, "the Department is the investigatory agency, whose duties commence when a charge is filed and end when the Department files a complaint with the HRC, the adjudicatory agency. The HRC's duties commence when the complaint is filed by the Department or when a party files a request for review and ends when the HRC issues an order." The IHRC's final order is then subject to judicial review, at which time the findings of fact are held *prima facie* correct and the decision sustained unless contrary to the manifest weight of the evidence. Ill. Rev. Stat. 1985, ch. 68, par. 8—111.

■ In this case the charge filed by Gayle was dismissed by the Department for lack of substantial evidence and no complaint was ever filed with the IHRC. Consequently, this case never advanced beyond the investigatory stage. Accordingly, the "full panoply" of due process rights need not have been afforded him. See *Hannah v. Larche* (1960), 363 U.S. 420, 4 L. Ed. 2d 1307, 80 S. Ct. 1502.

Gayle's heavy reliance on *Lemon v. Tucker* as support for his due process arguments is misplaced for several reasons. First, the import of the *Lemon* decision is questionable at best. *Lemon* was a class action suit which challenged the constitutionality of the procedures for processing claims under the IHRC. The court held that the procedures, as set forth in the Act prior to its amendment in September 1987, violated a claimant's due process rights because they did not provide claimants with the right to a verified response or an opportunity to reply to the defenses. The court ordered that the class was entitled to reinstatement of their claims so that they could be processed under the new procedures.

It is noteworthy, however, that the class of persons that was certified as plaintiffs by the court was limited to those individuals whose claims were not governed by the amendments, but specifically excluded those individuals who were entitled to an evidentiary hearing by virtue of the fact that their claim had not been fully processed within 300 days of filing. (See Ill. Rev. Stat. 1987, ch. 68, pars. 7—102(G)(1), (G)(2).) Moreover, in a later amended opinion, issued after reconsideration, the *Lemon* court's initial recommendation as to relief was stricken. The court found that the procedural deprivations did not so undermine the proceedings that they lacked legitimacy and that, balanced against the administrative burden in reopening the

cases, retroactive relief in the form of reinstatement of claims was not warranted.

In the present case, despite the fact that Gayle's claim was filed in 1986, prior to amendment of the Act, his claim was not processed within 300 days of filing and he was entitled to an evidentiary hearing. Thus the *Lemon* opinion would not apply. Furthermore, Gayle, having raised this issue in his petition for review before the Commission, was granted an evidentiary hearing, at which time he was made aware of the responses and defenses raised by Viskase and had the opportunity to reply. Thus, his initial deprivation is of little consequence.

In addition, contrary to Gayle's portrayal, *Lemon* does not stand for the proposition that the process due a claimant filing a charge pursuant to the Illinois Human Rights Act must be complete. Rather, it reaffirms earlier case law which holds that due process is a flexible concept which allows for procedural protections that may vary as the situation demands. (See *Walters v. National Association of Radiation Survivors* (1985), 473 U.S. 305, 87 L. Ed. 2d 220, 105 S. Ct. 3180; *Mathews v. Eldridge* (1976), 424 U.S. 319, 47 L. Ed. 2d 18, 96 S. Ct. 893; *Morrissey v. Brewer* (1972), 408 U.S. 471, 33 L. Ed. 2d 484, 92 S. Ct. 2593.) Accordingly, *Lemon* states that, because there exists a legitimate and significant State interest in providing a simple, nonadversarial procedure for determining whether claims have merit, the procedures set forth in the amended Act for investigating claims, although they do not allow for some procedural protections such as cross-examination of witnesses, etc., do not deny a claimant due process.

■ Gayle's equal protection claims are also without merit. In *Jabbari*, the court rejected arguments identical to the ones posited by the claimant here, finding that such disparate treatment arguments "exemplif[y] the erroneous conclusions which can result from the failure to properly distinguish between an investigation and an adjudication." *Jabbari*, 173 Ill. App. 3d at 234.

Stripped of his procedural due process arguments, the crux of Gayle's appeal is that, contrary to the Commission's conclusion, there was adequate evidence, either direct or indirect, to support the filing of a discrimination complaint. Gayle asks us to reject the findings made by the hearing officer, a panel of commissioners and, later, by the full Commission, that Viskase was unaware that Gayle's appearance was related to his race, religion or national origin, and that its hiring of a white female was based upon her greater experience.

When this court is called upon to review a final order of the Commission, its findings on questions of fact are to be given great deference and sustained unless they are found to be against the manifest weight of the evidence. (*Zaderaka v. Illinois Human Rights Comm'n* (1989), 131 Ill. 2d 172, 545 N.E.2d 684.) Based upon this standard we may not reverse the Commission's decisions because the record reveals that (1) Gayle presented no evidence to show that Viskase, or any of its employees involved in the hiring process, knew or should have known that his hair style was mandated by his religion or national origin, and (2) Gayle was unable to present any substantial evidence that Viskase's articulated reason for not hiring him, *i.e.*, the mailroom experience of the other applicant, was merely a pretext for discrimination. In Gayle's argument that Viskase's articulated reasons for hiring another candidate are pretextual, he uses circular reasoning, stating that the "indirect" proof of pretext can be derived from the direct proof that he was rejected based upon his appearance. However, the material issue, which Gayle disregards, is that discrimination based upon appearance is not illegal discrimination unless it can be linked to the employer's knowledge that the appearance was a reflection of the individual's race, religion, or national origin. It is this factor which is missing from the equation in this case. Consequently, we do not find that the Commission's decision was against the manifest weight of the evidence.

██ Gayle raises two final issues, that the Commission's decision to dismiss his charge should be vacated because: (a) the Department's investigation was inadequate, and (b) because the Department did not oppose his request for review. Neither of these arguments is persuasive. In the first instance, it is up to the Commission to determine the sufficiency of the Department's investigation, not the claimant. If, however, the claimant does not believe that the Department's report is sufficient, he/she may submit supplemental evidence to the Commission for its review. (Ill. Rev. Stat. 1987, ch. 68, par. 8—103(B).) In this case, Gayle had two separate opportunities to supplement the Department's report with additional evidence that he felt was pertinent to the Commission's decision.

██ Lastly, we agree with the Commission that it was not required to vacate the Department's dismissal of Gayle's charge by the mere fact that the Department's response to Gayle's request for review was the single statement that it "elects to make no further response to Complainant's Request for Review." This court does not interpret the Department's response as an abandonment of its earlier position as set forth in its written report, but rather as an acquies-

cence to the review process available to the complainant. Although the Department's failure to oppose a request for review may "authorize" the Commission to vacate the order of dismissal, it does not require that result.

For all the reasons set forth above, we affirm the order of the Illinois Human Rights Commission dismissing Gayle's discrimination complaint.

Affirmed.

GORDON and McNULTY, JJ., concur.