R.R. DONNELLEY AND SONS COMPANY, Petitioner, v. THE HUMAN RIGHTS COMMISSION *et al.*, Respondents.

First District (5th Division)   No. 1—89—3421

Opinion filed September 20, 1991.

Vedder, Price, Kaufman & Kammholz, of Chicago (Michael G. Cleveland and Kim A. Leffert, of counsel), for petitioner.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Karen Michels Caille, Assistant Attorney General, of Chicago, of counsel), for respondent Human Rights Commission.

Patricia A. Motto, of Brubaker & Motto, of Chicago, for respondent Joyce Love.

PRESIDING JUSTICE LORENZ delivered the opinion of court:

R.R. Donnelley & Sons Company (Donnelley) appeals from an order of the Illinois Human Rights Commission (Commission) finding that it discriminated against its employee, Joyce Love, on the basis of race when it failed to promote her. The Commission awarded Love the promotion she sought, lost wages, attorney fees, and injunctive relief. We consider (1) whether the Commission's finding that Donnel-

ley discriminated against Love on the basis of race was against the manifest weight of the evidence when the person who made the decision testified he did not know her race; and (2) whether awarding Love the promotion she sought and back pay was an abuse of discretion. For the following reasons, we affirm.

The Department of Human Rights filed a complaint on Love's behalf under section 2—102(A) of the Illinois Human Rights Act (Ill. Rev. Stat. 1989, ch. 68, par. 2—102(A)) alleging Donnelley discriminated against Love on the basis of race when it failed to promote her. After a hearing, an administrative law judge made the following findings of fact which, essentially, are not in dispute.

Love, who is black, began working in a secretary I position for Donnelley in 1975 and was promoted to a secretary II position in 1980. In that position, she received a superior performance evaluation, the second-highest level, which made her eligible for promotion to a secretary III position.

In January of 1984, a secretary III position became available under Richard Sawdey, Donnelley's corporate secretary. Sawdey is white. He testified that the appearance of the person who filled the position was an important factor.

To fill the position, Caro Parsons, Donnelley's personnel coordinator, prepared a list of eligible candidates who received outstanding or superior ratings. Parsons is white. Love was one of the 17 candidates on the list.

In a meeting with Sawdey, Parsons summarized for Sawdey each candidate's performance and any impression she had about the candidates. Parsons knew Love but Sawdey did not. Based on Parson's information, Sawdey selected five candidates to the exclusion of Love for interviews; three were white and two were black. The secretary III position was filled with a white candidate, an employee since 1979 who also received a superior evaluation. Neither Parsons nor Sawdey could remember why Love was not chosen for an interview, and they both denied discussing the race of the candidates during their meeting. Sawdey testified he did not know Love's race.

Love would have earned an additional $1,950 to the date of the hearing if she had been promoted to the secretary III position.

The administrative law judge found that Donnelley discriminated against Love on the basis of race when it failed to promote her violating section 2—102(A) (Ill. Rev. Stat. 1989, ch. 68, par. 2—102(A)). The judge also found that based on the objective factors of typing skills and seniority, Love was more qualified than the person who was promoted to the position. Therefore, the judge recommended to the Com-

mission that it award Love the promotion, $1,950 in back pay, and attorney fees.

Donnelley filed exceptions to the recommendation with the Commission arguing that Love did not prove in her *prima facie* case that Sawdey knew she was black. Donnelley also argued that promoting Love to a secretary III position and awarding back pay was an improper remedy because she was only denied an interview for the position.

The Commission rejected Donnelley's argument that Love was required to prove knowledge of race in her *prima facie* case and, instead, found that Donnelley could assert lack of knowledge to rebut the *prima facie* case. However, the Commission found Donnelley did not present such proof and, therefore, did not offer a legitimate nondiscriminatory reason for failing to promote Love. The Commission, adopting the recommendation, awarded Love a promotion to a secretary III position, back pay, and attorney fees.

Donnelley now appeals directly to this court under Supreme Court Rule 335 (134 Ill. 2d R. 335).

OPINION

■■ Review of the Commission's decision is limited to determining whether it was against the manifest weight of the evidence. (*Lin Hsi Hsu v. Human Rights Comm'n* (1989), 180 Ill. App. 3d 949, 536 N.E.2d 732.) The reviewing court cannot reweigh the evidence or reassess the credibility of the witnesses, and if the record contains evidence to support the Commission's decision, it must be affirmed. (*Shah v. Human Rights Comm'n* (1989), 192 Ill. App. 3d 263, 548 N.E.2d 695.) The Commission's decision can only be reversed if it is palpably erroneous or the opposite conclusion is clearly evident. *Shah*, 192 Ill. App. 3d 263, 548 N.E.2d 695.

■ In a case of employment discrimination based on race, the complainant has the initial burden to prove a *prima facie* case that (a) she belongs to a racial minority, (b) she applied for and was qualified for an available position, (c) she was rejected, and (d) the employer subsequently filled the position with a white employee. (*Patterson v. McLean Credit Union* (1989), 491 U.S. 164, 105 L. Ed. 2d 132, 109 S. Ct. 2363; *McDonnell Douglas Corp. v. Green* (1973), 411 U.S. 792, 36 L. Ed. 2d 668, 93 S. Ct. 1817.) The *prima facie* case is not the equivalent of an ultimate finding of fact that the employer discriminated against complainant on the basis of race but it raises an inference of racial discrimination. *Furnco Construction Corp. v. Waters* (1978), 438 U.S. 567, 57 L. Ed. 2d 957, 98 S. Ct. 2943.

To rebut the *prima facie* case, the employer must articulate a legitimate nondiscriminatory reason for rejecting the complainant. (*McDonnell*, 411 U.S. 792, 36 L. Ed. 2d 668, 93 S. Ct. 1817.) The complainant then has the opportunity to prove that the employer's articulated reason was a pretext for unlawful discrimination. *McDonnell*, 411 U.S. 792, 36 L. Ed. 2d 668, 93 S. Ct. 1817.

On appeal, the parties have framed the issue as whether knowledge of race was a factor of a complainant's *prima facie* case when it was not specifically included in *McDonnell*. Donnelley argues that Love did not prove a *prima facie* case because she did not prove that Sawdey, who made the decision not to promote her, knew she was black. On the other hand, the Commission and Love respond that lack of knowledge of race can rebut a *prima facie* case and is crucial to prove intentional discrimination but it is not a factor of the *prima facie* case. Despite the parties' arguments, in this case it is academic, as Donnelley recognizes, and not determinative of the issue on appeal. In either case, the question remains whether such knowledge or lack of knowledge was proven. The ultimate issue is whether the Commission's finding that Donnelley discriminated against Love on the basis of race was against the manifest weight of the evidence when Sawdey testified he did not know Love's race.

Donnelley relies primarily on *Robinson v. Adams* (9th Cir. 1987), 830 F.2d 128, where the complainant, a black man, submitted written applications to apply for positions with a potential employer. He was rejected. The persons who screened the applications filed affidavits that they were unaware of complainant's race when they rejected him and, on that basis, the employer was granted summary judgment. On appeal, the court noted that the elements for a *prima facie* case from *McDonnell* were not meant to be a rigid test and stated that

> "[a]n employer cannot intentionally discriminate against a job applicant based on race unless the employer knows the applicant's race. ***
>
> *** The *McDonnell Douglas* test defines one method of proving a prima facie case of discrimination—proof from which a trier of fact can reasonably infer intentional discrimination. [Citation.] But the *McDonnell Douglas* elements would not rationally create this inference if, as here, a plaintiff offers proof that he is Black, but there is no showing by direct or indirect evidence that the decision-maker knew this fact." (*Robinson*, 830 F.2d at 129.)

As a result, the court affirmed summary judgment in the employer's favor.

Similarly in *Gayle v. Illinois Human Rights Comm'n* (1991), 218 Ill. App. 3d 109, this court considered the effect of an employer's lack of knowledge on a claim of discrimination based on religion or national origin. Gayle wore his hair in "dreadlocks," complying with his belief in the Rastafarian religion. A potential employer rejected him because of his appearance. Gayle filed a charge with the Department of Human Rights which was dismissed for lack of substantial evidence. The Commission affirmed. On appeal, this court also affirmed the dismissal, in part, because Gayle did not present evidence that the employer, or any of its employees involved in the hiring process, knew or should have known that Gayle's appearance was required by his religion.

The Commission and Love rely on *Hsu* (180 Ill. App. 3d 949, 536 N.E.2d 732), where the Commission found that the owners of a house for rent discriminated against the complainants on the basis of race. On appeal, the court noted that one of the factors of a *prima facie* case for housing discrimination was that the owners were aware of the complaints' race. Although the complainants did not present direct evidence that the owners knew their race, the court found it was proper for the Commission to infer knowledge when the owners' tenant, who knew the complainants' race, had the opportunity to inform the owners and the owners treated the complainants differently than other applicants who were not black.

■ The present case is distinguishable from *Robinson* and *Gayle* because, here, there is indirect evidence that Sawdey, who made the decision not to promote Love, knew she was black. It is undisputed that Parsons knew Love was black. Parsons summarized her impressions of the candidates on the list for Sawdey, who made his decision based on that information. Although Sawdey testified they did not discuss the race of the candidates, he could not remember why Love was not chosen for an interview. A white person was promoted to the position. As in *Hsu*, the facts in this case permitted an inference, as the Commission found, that Sawdey knew Love's race and discriminated against her as a result. Therefore, the Commission's decision was not against the manifest weight of the evidence.

Donnelley also argues on appeal that awarding Love a promotion to a secretary III position and back pay was improper because she was only denied an interview for that position.

■ When an employer has discriminated against an employee on the basis of race, the remedy should place the employee, as near as possible, in the situation she would have been in had the discrimination not occurred. (*Albemarle Paper Co. v. Moody* (1975), 422 U.S.

405, 45 L. Ed. 2d 280, 95 S. Ct. 2362.) The Commission is entitled to award a complainant a promotion and back pay when it finds that an employer has discriminated on the basis of race. (Ill. Rev. Stat. 1989, ch. 68, par. 8A—104(C).) The Commission's award will not be disturbed on appeal absent an abuse of discretion. *Loyola University v. Human Rights Comm'n* (1986), 149 Ill. App. 3d 8, 500 N.E.2d 639.

■ Although Donnelley argues Love only alleged it failed to interview her, she also alleged she was as qualified for the position as the person promoted and requested a promotion in her prayer for relief. Donnelley's proposed remedy of awarding Love an interview for a secretary III position would be ineffective to correct the discrimination. As the administrative law judge found, it would be difficult for Donnelley to review Love's qualifications impartially. The judge also found, based on objective factors, that Love was more qualified than the person who was promoted, and on that basis, the Commission awarded Love the promotion she sought. As a result, the award of a promotion and back pay was not an abuse of discretion.

Affirmed.

MURRAY and GORDON, JJ., concur.