FIRST DIVISION

FEBRUARY 1, 1999

No. 1-97-4482

GRETTE FOLBERT,

Petitioner,

v.

THE DEPARTMENT OF HUMAN RIGHTS, JACQUELINE STANLEY LUSTIG, Chief Legal Counsel to the Department of Human Rights, and COURTESY MANUFACTURING COMPANY,

Respondents.

)

)

)

)

)

)

)

)

)

)

)

)

)

Petition for review of an Order of the chief legal counsel of the Department of Human Rights

Charge No.              1996CA2051

EEOC No. 21B961425

JUSTICE O'MARA FROSSARD delivered the opinion of the court:

Petitioner, Grette Folbert, appeals from a final order issued by the chief legal counsel of the Illinois Department of Human Rights (Department) sustaining the Department's dismissal of her charge of age discrimination against Courtesy Manufacturing Company (Courtesy) for lack of substantial evidence.

Petitioner filed a two-count charge of discrimination based on her discharge by Courtesy.  The first count alleged age discrimination and the second count alleged sex discrimination.  The Department's investigator found in her favor on the sex discrimination count, but ruled against her on the age discrimination count.  Petitioner appealed from the "lack of substantial evidence" finding on the age discrimination count to the chief legal counsel, who affirmed the investigator's finding and indicated that this determination was a "final order."  The final order regarding the age discrimination count is the subject of this appeal.

On appeal, petitioner challenges the constitutionality of recent amendments to the Illinois Human Rights Act (Act)(Pub. Act 89-370, eff. August 18, 1995 (amending 775 ILCS 5/7-101.1) (West 1996))).  Under Public Act 89-370, the Department's dismissal of a discrimination claim for lack of substantial evidence is no longer reviewed by the Illinois Human Rights Commission but is now reviewed by the chief legal counsel of the Department.  Pub. Act 89-370, eff. August 18, 1995 (amending 775 ILCS 5/7-101.1 (West 1996)).  Petitioner also asserts that the chief legal counsel's dismissal of her age discrimination charge for lack of substantial evidence was arbitrary and capricious.

I. FACTS

Petitioner was employed at Courtesy from August 1980 until her dismissal on September 22, 1995.  At the time of her dismissal, petitioner was 43 years old and a materials manager.  Prior to July 1995, petitioner was both an engineering and materials manager and her responsibilities included overseeing how price quotes were generated and cost estimating in support of submitting bids for work.  

On February 28, 1996, petitioner filed a two-count charge of age and sex discrimination with the Department against Courtesy.  After Courtesy denied petitioner's allegations, the Department conducted an investigation of Courtesy's charges.  The Department interviewed several witnesses and reviewed Courtesy's policies and petitioner's work evaluations.  During its investigation, the Department considered numerous exhibits which included Courtesy's 1994 equal employment opportunity report; a memorandum regarding petitioner's work performance dated July 19, 1995; petitioner's evaluation for the period of August 8, 1994, to August 7, 1995; Courtesy's written procedure for quote processing; and the termination notices for several employees.  In addition, the Department interviewed petitioner; Guy Lombardo, chairman; Brad Enslin, former president; Carl Jelinek, former sales manager; John Curcio, former general manager; and "Confidential Witness A."

Courtesy's employees, whom the Department interviewed, including the company's owner and members of management, reported that in 1995 petitioner began to produce unreliable cost estimates.  A memorandum Courtesy submitted to the Department regarding petitioner's work performance discussed how petitioner resisted management's efforts to install the new EZ quote system.  The memorandum further reported that petitioner criticized employees responsible for installing the new EZ quote system, undermined management's reliance on the EZ quote system and threatened the success of the system.

Moreover, in the spring of 1995, Guy Lombardo, chairman of Courtesy, stated that petitioner contacted some of Courtesy's competitors about purchasing another company to compete with Courtesy.  According to Lombardo, in July of 1995 petitioner's duties as an engineering manager were removed because she presented a poor price quote to one of Courtesy's clients.  In September 1995, Lombardo chose to discharge petitioner because, in his opinion, she was untrustworthy.  He indicated that some of petitioner's actions appeared questionable, she began to misquote Courtesy's costs for running its presses and she presented varying prices for running the same press.  Lombardo further stated that Dawn Schrimsher, who was 13 years older than petitioner, took over petitioner's responsibilities as materials manager.

In rebuttal to Courtesy's witnesses, petitioner denied that she ever attempted to undermine the EZ quote system, but contended that she only expressed an opinion to management that this system would not increase revenue. Petitioner further denied responsibility for producing unreliable or inaccurate quotes.  Petitioner claimed that her firing was part of a pattern of discharging older employees.  She alleged that John Curio, who was hired as president in 1995, was responsible for a series of dismissals of older employees throughout 1995. Petitioner additionally claimed that Curio replaced her with Derrin Taylor, who was 30 years old.  According to petitioner, many of the errors that management blamed petitioner for were in fact committed by Taylor.

Carl Jelinek, a former manager, reported to the Department that petitioner was hard working and a loyal employee.  Jelinek believed the petitioner's quotes were outbid because of Courtesy's high gross margin requirement within the quote.  Jelinek reported that Lombardo would routinely pressure his employees until they resigned to lower the payroll.  Jelinek, however, did not believe that petitioner was discharged because of her sex or age.  The Department further interviewed "Confidential Witness A."  This witness stated that she had no evidence that petitioner's age was a factor in her dismissal.  However, this witness reported that she overheard John Curio, the former president of Courtesy, tell petitioner that she had too much power in the company for a woman.  Witness A believed that Courtesy's reasons for discharging petitioner were pretextual.

On January 16, 1997, the Department concluded that there was a lack of substantial evidence to support petitioner's age discrimination charge and thus dismissed it.  However, the Department concluded that there was substantial evidence to support petitioner's charge of sex discrimination.

On February 13, 1997, petitioner filed a request for review with the chief legal counsel of the Department.  Petitioner contended that the Department failed to interview several witnesses and further contended that she presented sufficient evidence to support a pattern of age discrimination at Courtesy.  On May 20, 1997, after reviewing the Department's report and other evidence submitted by the parties, the chief legal counsel vacated the dismissal of petitioner's age discrimination charge and ordered further investigation by the Department.

 As a result of this renewed investigation, the Department reviewed the job descriptions of engineering manager and scheduling and materials manager and the termination notices for two employees.  The Department additionally interviewed Gordon Skidmore, a former part owner of Courtesy.  The Department attempted to contact another witness, Donald Denny, but this witness failed to respond to the Department's investigators.  The Department found that Courtesy articulated a legitimate nondiscriminatory reason for discharging petitioner and petitioner failed to show that this reason was a pretext.  On June 23, 1997, the Department again concluded that there was a lack of substantial evidence to support the age discrimination charge and dismissed it.   On July 28, 1997, petitioner filed a second request for review with the chief legal counsel.  To support her claim, petitioner submitted her affidavit, two affidavits from Skidmore, a list of her responsibilities and a brief from a different age discrimination case filed against Courtesy.  Courtesy filed its response, which included the order dismissing the other age discrimination case that petitioner relied on in her request for review.  On December 8, 1997, the chief legal counsel affirmed the Department's dismissal of petitioner's age discrimination claim.  The chief legal counsel found that neither petitioner nor her witnesses presented evidence of age discrimination.  The chief legal counsel found that petitioner's own witness, Brad Enslin, stated that her discharge was probably due to a personal vendetta, that Gordon Skidmore failed to provide any evidence to support his conclusion that age was a factor and that petitioner's responsibilities were divided among two employees, one of whom was a female older than petitioner, Dawn Schrimsher.  On December 15, 1997, petitioner sought review of the chief legal counsel's decision with the court pursuant to section 8-111(A)(1) of the Act.  775 ILCS 5/8-111(A)(1) (West 1994).

Prior to the amendments within Public Act 89-370, a claimant sought review of the Department's dismissal of a discrimination charge for lack of substantial evidence with the Illinois Human Rights Commission (Commission). 775 ILCS 5/8-103(A) (West 1994).  Under the prior law, a claimant, however, was not afforded a full hearing before the Commission.  After filing a request for review, the Commission was authorized to consider the Department's report and investigation and any additional evidence timely submitted, and the Commission had discretion to appoint a hearing officer to conduct a hearing on a factual dispute. 775 ILCS 5/8-103(B) (West 1994). 

As a result of the amendments within Public Act 89-370, the Department's dismissal of a discrimination claim is no longer reviewed by the Commission but is now reviewed by the chief legal counsel of the Department.
  Pub. Act 89-370, eff. August 18, 1995 (amending 775 ILCS 5/7-101.1(A) (West 1996)).  However, similar to the pre-1996 Act, a claimant is not afforded a full hearing before the chief legal counsel.  After filing a request for review, the chief legal counsel, performing the same function formerly executed by the Commission, may consider the Department's report and investigate any additional evidence timely submitted. The chief legal counsel has discretion to appoint a staff attorney to conduct an investigation into a disputed factual issue.  775 ILCS 5/7-

101.1(B) (West 1996).  The chief legal counsel performs the same procedural function in reviewing a dismissal of a claim as was formerly delegated to the Commission. 
Roedl v. Midco International
, 296 Ill. App. 3d 213, 218, 694 N.E.2d 179 (1998). In changing who has authority to hear requests for review, the 1995 amendments did not change the extent of that authority or otherwise change the type of review proceeding that a complainant received when filing such a request.

Petitioner first argues that Public Act 89-370's amendments to the Act violate her constitutional rights to equal protection and due process under the fourteenth amendment of the United States Constitution (U.S. Const., amend. XIV) and article I, section 2, of the Illinois Constitution (Ill. Const. 1970, art. I §2).  Petitioner asserts that the amendments afford more procedural rights to employers charged with a civil rights violation than employees who institute the discrimination action.  We will address the alleged equal protection and due process violations separately.

II. EQUAL PROTECTION

Petitioner argues that the 1995 amendments to the Act deprive her of equal protection of the law because they treat employees differently than employers.  Petitioner points out that if the Department finds that substantial evidence of discrimination exists, an employer has the right to a full hearing before the Commission, while if an employee loses at this first investigative stage, the employee can only appeal to the chief legal counsel and is not entitled to a full hearing.  Petitioner further asserts that there is no compelling state interest or rational basis for this distinction between employees and employers.

Under the pre-1996 Act, the Commission's review of a Department's dismissal order did not violate the equal protection clause.  
Jabbari v. Human Rights Comm'n
, 173 Ill. App. 3d 227, 230-

34, 527 N.E.2d 480 (1988); 
Gayle v. Human Rights Comm'n
, 218 Ill. App. 3d 109, 115, 578 N.E.2d 144 (1991).  In both 
Jabbari
 and 
Gayle
, the court rejected arguments that the Act produced disparate treatment of employers and employees before the Department and the Commission.  
Gayle
, 218 Ill. App. 3d at 114.  The Department's statutory role is to investigate charges of discrimination and the Commission's role is to adjudicate the charges.  
Jabbari
, 173 Ill. App. 3d at 234.  At the investigative stage, the agency is therefore not determining guilt or liability but simply concluding if enough evidence exists to proceed to a formal administrative hearing.  
Jabbari
, 173 Ill. App. 3d at 234-35.  A claimant whose action is dismissed after the investigative stage may still seek judicial review and may also file a claim in federal court.  
Jabbari
, 173 Ill. App. 3d at 234-35.  Therefore, the disparate treatment argument presented in both 
Jabbari
 and 
Gayle
 failed to account for the differences between the fact-finding and adjudicative stages of the Act's statutory scheme. 
Jabbari
, 173 Ill. App. 3d at 234; 
Gayle
, 218 Ill. App. 3d at 114.

We agree with the reasoning of the 
Jabbari
 and 
Gayle
 decisions.  Replacing the Commission with the chief legal counsel as the reviewing agency of the Department's dismissal of a discrimination charge does not change the essential distinction between an investigative agency, the Department, and an adjudicative agency, the Commission.  The Department investigates a discrimination charge to "determine whether there is substantial evidence that the alleged civil rights violation has been committed."  775 ILCS 5/7A-102(D)(2)(West 1996).  If the Department makes a substantial evidence finding, the Act then authorizes the Department to file a formal complaint with the Commission, but only after it attempts to conciliate the charges with the parties. 775 ILCS 5/7A-102(E),(F) (West 1996).  If the Department makes a lack-

of-substantial- evidence finding, the claimant continues to possess the same procedural rights before the chief legal counsel as previously possessed before the Commission under the pre-1996 Act.  Additionally, the chief legal counsel's decision is subject to judicial review before this court.  In 
Jabbari
, the court noted that an equal protection argument predicated on the Act's statutory scheme "exemplifies the erroneous conclusions which can result from the failure to properly distinguish between an investigation and an adjudication."  
Jabbari
, 173 Ill. App. 3d at 234.  

Petitioner further claims that because she brought an age discrimination charge, Public Act 89-370's amendments should be reviewed under a strict scrutiny standard.  Courts apply strict scrutiny to "suspect" classifications, such as those based on race, sex or age and to classifications that infringe on fundamental constitutional rights.  
People v. Shephard
, 152 Ill. 2d 489, 499-

500, 605 N.E.2d 518 (1992).  A statute that does not implicate a suspect class or infringe on a fundamental right is reviewed under a rational basis standard.  
Shephard
, 152 Ill. 2d at 500.  "Under the rational basis test, a statutory classification need only be rationally related to a legitimate state goal."  
Shephard
, 152 Ill. 2d at 500.  The legislation's classification is afforded a strong presumption of validity.  
Heller v. Doe
, 509 U.S. 312, 319-20, 125 L. Ed. 2d 257, 270, 113 S. Ct. 2637, 2642 (1993).

Public Act 89-370's amendments do not provide separate treatment or classification for claimants based on their individual sex, race or age.  The Act authorizes the Department to dismiss all charges that lack substantial evidence of a civil rights violation and to conduct further proceedings, including filing a complaint with the Commission, for all charges that possess substantial evidence of a violation.  775 ILCS 5/7A-102(D)(2)(a), (F)(1), (F)(2) (West 1996).  Therefore, the Department's dismissal of a charge is unrelated to any suspect classification, but is based on a claimant's failure to present substantial evidence to the Department of a civil rights violation.  Moreover, Public Act 89-

370 does not infringe on any fundamental rights. Petitioner contends that Public Act 89-370 allows employers to avoid an evidentiary hearing even though they may have discriminated against an employee because of the employee's sex, race or age.  This argument fails to recognize the statutory duties of the Department and the chief legal counsel. The Department's role is to investigate charges of discrimination and dismiss those charges that lack substantial evidence. The chief legal counsel's role is to review the Department's dismissal of a discrimination charge. 775 ILCS 5/7-101.1(A) (West 1996). Therefore, a discrimination charge is dismissed at the investigative stage, not because of an individual claimant's age, sex, or  race,  but because the claimant failed to support the charge with substantial evidence. 775 ILCS 5/7A-102(D)(2)(a) (West 1996). Consequently, the proper method of review is the rational basis test because the legislation's classification does not infringe on any fundamental rights. 

The chief legal counsel's authority to review findings of lack of substantial evidence is rationally related to a legitimate state goal. The legislative intent behind Public Act 89-370 was to address the backlog of cases within the Department.  89th Ill. Gen. Assem., House Proceedings, April 25, 1995, at 163-64 (statements of Representative Biggert).  By placing the responsibility of review with the chief legal counsel of the Department, the legislature intended to provide a more efficient and timely mechanism to review claims of civil rights violations.  Indeed, at the time the legislature enacted the amendments to Public Act 89-370, there were over 7,000 backloged cases still under investigation within the Department.  
Bowne of Chicago, Inc., v. Human Rights Comm'n
, 301 Ill. App. 3d 116, 122 (1998).  Therefore, Public Act 89-370's amendments satisfy the rational basis test and do not deprive petitioner of equal protection of the law.

III. DUE PROCESS 

Petitioner further argues that Public Act 89-370's amendments violate her due process rights.  Petitioner asserts that she was denied a full evidentiary hearing, the right to discovery and the right to compel or cross-examine witnesses.  This argument fails to recognize the difference between an investigatory and an adjudicatory agency.  In 
Jabbari
, the court addressed the procedural process afforded under investigations conducted by the Department and reviewed by the Commission.  The court held that procedural rights such as discovery, confrontation, and cross-

examination, essential to a judicial or quasi-judicial proceeding, do not apply in fact-finding or investigative proceedings before the Department.  
Jabbari
, 173 Ill. App. 3d at 232-33.  The Department's role is to investigate charges of a civil rights violation and determine whether a charge lacks substantial evidence and should be dismissed or whether a complaint should be filed with the Commission.  
Gayle
, 218 Ill. App. 3d at 113.  

The fact that the chief legal counsel of the Department, under the amended Act, now reviews the Department's finding, instead of the Commission, does not in any way change the nature of the investigative proceedings before the Department, nor does it change the investigative role of the Department.  
Webb v. Lustig
, 298 Ill. App. 3d 695, 703, 700 N.E.2d 220 (1998).  Moreover, the process provided under this system of review by the chief legal counsel is the same process provided when the Commission was the reviewing authority.  Consequently, petitioner is not entitled to the 

" 'full panoply' " of due process rights guaranteed in a judicial proceeding.  
Gayle
, 218 Ill. App. 3d at 113.

This issue was directly addressed by the United States Supreme Court in 
Hannah v. Larche
, 363 U.S. 420, 442-43, 4 L. Ed. 2d 1307, 1321-22, 80 S. Ct. 1502, 1514-15 (1960). The court indicated that when "governmental action does not partake of an adjudication, as for example, when a general fact-finding investigation is being conducted, it is not necessary that the full panoply of judicial procedures be used."  
Larche
, 363 U.S. at 442, 4 L. Ed. 2d at 1321, 80 S. Ct. at 1514-15.   

Moreover, the informal procedures provided by the amendments within Public Act 89-370 satisfy the due process clause.  Specifically, petitioner challenges the lack of procedural protections afforded to the parties when the chief legal counsel reviews the Department's dismissal of a discrimination charge. 775 ILCS 5/7-101.1 (West 1996).  In determining what process is due, the court balances three factors:  First, the private interest that will be affected by the official action; second, the risk of erroneous deprivation of such interest through the procedures used and the probable value, if any, of additional or substitute procedural safeguards; and finally, the government's interest, including the function involved in the fiscal and administrative burdens that the additional or substitute procedure requirement would entail.  
Mathews v. Eldridge
, 424 U.S. 319, 335, 47 L. Ed. 2d 18, 33, 96 S. Ct. 893, 903 (1976): 
Stratton v. Wenona Community Unit District No. 1
, 133 Ill. 2d 413, 432, 551 N.E.2d 640 (1990).

In 
Luckett v. Jett
, 966 F.2d 209, 214-15 (7th Cir. 1992), the court held that informal proceedings before the Department did not violate a claimant's due process rights.  With respect to the first and second prongs of the 
Mathews
 analysis, the court reasoned that, because many claimants appear 
pro se
 before the Department, "the [claimants'] interest would be better served by maintaining the informal nature of the present investigatory system, rather than injecting formalistic requirements with which only trained advocates could comply."  
Luckett
, 966 F.2d at 214-15.  Under the third prong, the court recognized the strong state interest in an informal investigative agency to determine whether charges of civil rights violations have merit and the authority of that agency to dismiss the charges that lack substantial evidence.  
Luckett
, 966 F.2d at 214-15; 
Gayle
, 218 Ill. App. 3d at 114.  The court concluded that implementing added procedures would severely compromise the government's interest in providing an efficient system for processing discrimination claims.  
Luckett
, 966 F.2d at 215.

This same analysis equally applies to proceedings before the chief legal counsel.  The amendments within Public Act 89-370 provide that the chief legal counsel is to review the Department's administrative findings, and provide claimants with the same informal hearing as was previously available to them before the Commission.  On review before the chief legal counsel, a claimant has the right to present additional arguments and evidence and request further investigation.  775 ILCS 5/7-101.1(B) (West 1996).  Thus a claimant, under the amendments within Public Act 89-370, still receives the same benefits from the informal procedures before the Department and the chief legal counsel as were derived from the informal procedures before the Department and the Commission prior to the amendments.

Moreover, the chief legal counsel's power to review the Department's administrative findings without holding a formal hearing protects the strong state interest in having a simple, nonadversarial process to determine whether a discrimination charge has sufficient merit to warrant further adjudicative proceedings under the Act.  
Webb
, 298 Ill. App. 3d at 704.  Lastly, the claimant maintains the ultimate safeguard in the right to judicial review of the chief legal counsel's decision.  775 ILCS 5/8-

111(A)(1) (West 1996).  Therefore, petitioner has failed to establish a due process violation.

IV. CHIEF LEGAL COUNSEL’S DECISION TO SUSTAIN THE

DEPARTMENT’S DISMISSAL OF PETITIONER’S AGE 

DISCRIMINATION CLAIM.

Petitioner next contends that the chief legal counsel erred in affirming the Department's dismissal of her age discrimination charge.  Petitioner asserts that the chief legal counsel overlooked substantial evidence submitted to the Department that corroborated petitioner's age discrimination claim against Courtesy.  The Department is authorized to dismiss a civil rights violation for lack of substantial evidence.  775 ILCS 5/7A-102(D)(2)(a) (West 1996).  "Substantial evidence is evidence which a reasonable mind accepts as sufficient to support a particular conclusion and which consists of more than a mere scintilla but may be somewhat less than a preponderance."  775 ILCS 5/7A-102(D)(2) (West 1996).  A petitioner's discrimination charge consisting of mere speculation and conjecture does not constitute substantial evidence.  
Roedl
, 296 Ill. App. 3d at 219.

The chief legal counsel possesses the same reviewing authority as was formerly assigned to the Commission.  
Roedl
, 296 Ill. App. 3d at 218.  Therefore, the appropriate standard of review is whether the chief legal counsel abused her discretion in sustaining the Department's dismissal of a civil rights violation.  
Traficano v. Department of Human Rights
, 297 Ill. App. 3d 435, 439, 697 N.E.2d 372 (1998).  The reviewing court cannot reweigh the evidence or substitute its judgment for that of the trier of fact, here, the Department.  
Roedl
, 296 Ill. App. 3d at 218.  The agency's findings of fact are entitled to deference and this is particularly true of credibility determinations.  
Zaderaka v. Illinois Human Rights Comm'n
, 131 Ill. 2d 172, 180, 545 N.E.2d 684 (1989).  Since the chief legal counsel reviewed the Department's findings of fact, our review is limited to deciding whether the chief legal counsel's decision dismissing the claim for lack of substantial evidence is "arbitrary and capricious or an abuse of discretion."  
Marinelli v. Human Rights Comm'n
, 262 Ill. App. 3d 247, 253, 634 N.E.2d 463 (1994).

To establish a 
prima facie
 case of discrimination, the claimant must show by a preponderance of evidence that: (1) she is a member of a protected class; (2) she was performing satisfactorily; (3) she was discharged despite the adequacy of her work; and (4) a similarly situated employee who was not a member of the protected group was not discharged.  
Marinelli
, 262 Ill. App. 3d at 253.  Once a claimant satisfies a 
prima facie 
case, the employer must articulate, not prove, a legitimate, nondiscriminatory basis for its action.  
Alcequeire v. Human Rights Comm'n
, 292 Ill. App. 3d 515, 685 N.E.2d 974 (1997).  

The burden then shifts back to the claimant to prove by a preponderance of the evidence that the employer's articulated reason was not its true reason but was in fact a pretext for unlawful discrimination.  
Alcequeire
, 292 Ill. App. 3d at 520.  The failure of a claimant to present substantial evidence of a 
prima facie
 discrimination claim or to disprove an employer's articulated reason for discharge warrants dismissal of the charge.  
Alcequeire
, 292 Ill. App. 3d at 520-21.  Consideration of a dismissal of a discrimination charge for lack of substantial evidence need not be limited to the 
prima facie
 prong but can appropriately address the second and third prongs of a discrimination analysis.  As noted by the court in 
Alcequeire
, "To hold otherwise unnecessarily restricts the investigative authority of the Department and the Commission and wastes their limited resources on matters that can be more productively and efficiently handled."  
Alcequeire
, 292 Ill. App. 3d at 520.  

In this case, the chief legal counsel found no evidence that Courtesy discharged petitioner because of her age.  The chief legal counsel found that petitioner was not replaced but, rather, that petitioner's duties were divided among two employees and one of these employees was a female who was older than petitioner.  Moreover, the chief legal counsel found that petitioner's witnesses submitted no evidence other than conclusory statements to support the claim of age discrimination. 

Petitioner's challenge to these findings focuses on factual disputes between Courtesy's witnesses and petitioner's witnesses.  Relying on the affidavits of petitioner and petitioner's ex-

boyfriend, Gordon Skidmore, the former part owner of Courtesy, petitioner disputes the Department and chief legal counsel's findings that she was responsible for cost estimating or planning and that Courtesy maintained any job descriptions for the position that petitioner held.  Petitioner further disputes that an older female took over any of petitioner's job duties following her discharge.  Petitioner and Courtesy additionally disagree as to the specific Courtesy officials responsible for petitioner's discharge.  Petitioner contends that the Department and the chief legal counsel should have disregarded or not believed Courtesy's witnesses or the evidence that Courtesy submitted to the Department.  However, it is not the function of the reviewing court to resolve factual disputes or evaluate the credibility of witnesses; rather, the agency's factual determinations are entitled to deference. 
Zaderaka
, 131 Ill. 2d at 180.

Moreover, Courtesy had legitimate, nonpretextual reasons to discharge petitioner.  The record reflects evidence that petitioner was not satisfactorily performing her job duties, was reluctant to implement the new EZ quote system, and expressed disloyalty to the company.  Petitioner failed to present any evidence that similarly situated employees were treated differently.  Guy Lombardo, who was 13 years older than petitioner, discharged petitioner.  Part of her duties were assumed by a female employee three years older than petitioner.  Petitioner's arguments were based on her and her witnesses' conclusion that she was discharged because of her age and that Courtesy's witnesses should not be believed.  As a reviewing court, we will not reevaluate witness credibility.  For the foregoing reasons, we find that the chief legal counsel did not abuse her discretion and properly sustained the Department's dismissal of petitioner's charge of age discrimination for lack of substantial evidence.

Affirmed.

O'BRIEN, P.J., and GALLAGHER, J., concur.