SECOND DIVISION
April 17, 2007

No. 1-06-2447

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | Appeal from an order |
| C.R.M., | ) | of the Chief Legal |
| | ) | Counsel of the |
| Petitioner-Appellant, | ) | Illinois Department |
| | ) | of Human Rights. |
| v. | ) | |
| | ) | |
| CHIEF LEGAL COUNSEL OF THE | ) | |
| ILLINOIS DEPARTMENT OF HUMAN | ) | |
| RIGHTS, THE DEPARTMENT OF HUMAN | ) | |
| RIGHTS, and CITY OF COUNTRY | ) | |
| CLUB HILLS, | ) | |
| | ) | |
| Respondents-Appellees. | ) | |

PRESIDING JUSTICE WOLFSON delivered the opinion of the court:

Petitioner C.R.M. filed a charge of discrimination with the Illinois Department of Human Rights (Department), alleging the City of Country Club Hills discriminated against him by denying him employment based on his race, age, sex, and previous arrest record, in violation of sections 2-102(A) and 2-103(A) of the Illinois Human Rights Act (Act) (775 ILCS 5/2-102(A), 2-103(A) (West 2004)). After conducting an investigation, the Department issued a notice of dismissal for lack of substantive evidence. Petitioner filed a request for review by the Chief Legal Counsel of the Department. The Chief Legal Counsel sustained the dismissal. Petitioner appeals. We affirm.

FACTS

In August 2004, petitioner, a fifty-year-old African-American male, interviewed for the position of Director of Community Development with Henrietta Turner, the City Manager, and Dwight Welch, the City Mayor. In a letter dated September 14, 2004, the City offered petitioner the position. The offer was contingent on petitioner's successful completion of a physical examination and a background investigation. The background investigation included an inquiry into the petitioner's criminal history.

On September 29, 2004, petitioner signed an "Authorization to Release Information," which authorized the release of "any and all information that you may have concerning me, my employment (work) and educational records, my reputation, and my financial and credit status" to the City's police department. The release included "any and all medical, physical and mental records and reports, including all information of confidential or privileged nature, and photocopies of same, if possible." The City's police department conducted a background check on petitioner, using a fingerprint card he supplied to the police department on a form entitled "Criminal Justice Applicant," to obtain his criminal record from the Department of State Police. The criminal background check revealed petitioner had eight alias names with

seven different birth dates. The background check also revealed numerous arrests and four criminal misdemeanor convictions--two thefts, resisting a police officer, and battery.

In a letter dated October 20, 2004, Turner informed petitioner that the City was not able to extend a final offer of employment. According to the City, the position never was filled. The position was eliminated from the budget for the 2005-2006 fiscal year.

On October 24, 2004, petitioner filed a charge of discrimination with the Department, alleging the City unlawfully discriminated against him by denying him employment based on his race, age, sex, and prior arrest record. Petitioner alleged the City hired a less qualified non-black female who was under forty years of age, but who also had an arrest record, to fill the position.

After conducting an investigation, the Department's investigator recommended a finding of lack of substantial evidence of discrimination. Documented evidence showed the City ran criminal background checks on all candidates being considered for "sensitive positions." It was uncontested that petitioner's background check revealed he had a number of aliases and convictions. The investigator found there was no evidence that the City failed to hire petitioner based on his arrest record or

3

any expunged criminal history. The investigator also found petitioner failed to present a *prima facie* case of discrimination because the City did not hire anyone for the position and eliminated the position from its budget the following year. The investigator found the City's stated reasons for not hiring petitioner were not pretextual.

Based on the findings and conclusions set forth in the investigation report, the Department issued a notice of dismissal for lack of substantial evidence. Petitioner filed a timely request for review by the Chief Legal Counsel of the Department. The Chief Legal Counsel sustained the dismissal, finding petitioner failed to establish and the Department's investigation failed to show, petitioner's race, age, sex, or arrest record was a reason for the City not hiring him. Petitioner appealed.

DECISION

Petitioner contends the Chief Legal Counsel erred in sustaining the Department's dismissal of his charge of discrimination. Petitioner contends he presented sufficient evidence to establish a *prima facie* case of race, age, or sex discrimination in the City's decision not to hire him. We disagree.

The Chief Legal Counsel's order reviewing the dismissal is a final and appealable order. 775 ILCS 5/7-101.1(A) (West 2004).

1-06-2447

On review, we will not reweigh the evidence or substitute our judgment for the Department's. Welch v. Hoeh, 314 Ill. App. 3d 1027, 1034, 733 N.E.2d 410 (2000); Folbert v. Department of Human Rights, 303 Ill. App. 3d 13, 25, 707 N.E.2d 590 (1999). Instead, our review is limited to deciding whether the Chief Legal Counsel's decision dismissing the charge is arbitrary and capricious or an abuse of discretion. Welch, 314 Ill. App. 3d at 1034; Folbert, 303 Ill. App. 3d at 25.

In Zaderaka v. Illinois Human Rights Commission, 131 Ill. 2d 172, 178-79, 545 N.E.2d 684 (1989), our supreme court adopted a three-part analysis for employment discrimination charges under the Act. First, the plaintiff must establish by a preponderance of the evidence a *prima facie* case of unlawful discrimination. Zaderaka, 131 Ill. 2d at 179-80. If a *prima facie* case is established, a rebuttable presumption arises that the employer unlawfully discriminated against the plaintiff. Zaderaka, 131 Ill. 2d at 180. Second, to rebut the presumption, the employer must articulate, not prove, a legitimate, nondiscriminatory reason for its decision. Zaderaka, 131 Ill. 2d at 180. Third, if the employer articulates such a reason, the plaintiff must prove by a preponderance of the evidence that the employer's reason was untrue and was a pretext for discrimination. Zaderaka, 131 Ill. 2d at 180.

5

1-06-2447

To establish a *prima facie* case of employment discrimination, a petitioner must show: (1) he is a member of a protected class; (2) he applied and was qualified for the position; (3) he was rejected despite his qualifications; and (4) the position remained open and the employer sought other applicants from persons of petitioner's qualifications. Stone v. Department of Human Rights, 299 Ill. App. 3d 306, 315, 700 N.E.2d 1105 (1998), citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S. Ct. 1817, 1824, 36 L.Ed.2d 668, 677 (1973).

Here, petitioner failed to establish the position remained open after the City decided not to hire him, a necessary element of a *prima facie* case of employment discrimination. The Department found the evidence established the City never filled the position, and documented evidence showed the position was eliminated from the budget for the 2005-2006 fiscal year. While petitioner alleged the City hired a less qualified non-black female who was under forty years of age, but who also had an arrest record, to fill the position, nothing in the record supports his allegation.

We find the Chief Legal Counsel's decision to sustain the dismissal of the charge was not an abuse of discretion.

Petitioner also contends he established the City did not hire him because of his arrest record, a violation of section 2-

6

1-06-2447

103(A) of the Act.  We disagree.

Section 2-103(A) of the Act provides:

> "Unless otherwise authorized by law, it is a
> civil rights violation for any employer,
> employment agency or labor organization to
> inquire into or to use the fact of an arrest
> or criminal history record information
> ordered expunged, sealed or impounded *** as
> a basis to refuse to hire ***.  This Section
> does not prohibit a State agency, unit of
> local government or school district, or
> private organization from utilizing
> conviction information obtained from the
> Department of State Police *** in evaluating
> the qualifications and character of an
> employee or prospective employee."  775 ILCS
> 5/2-103(A) (West 2004).

In enacting section 2-103(A), "the intent of the legislature was to prevent an inquiry into mere charges or allegations of criminal behavior but to allow inquiry where criminal conduct has been proven."  Beard v. Sprint Spectrum, LP, 359 Ill. App. 3d 315, 320, 833 N.E.2d 449 (2005).

Here, the City offered petitioner the position, contingent

7

on petitioner's successful completion of a physical examination and a background investigation. It is uncontested that an inquiry into petitioner's criminal history revealed he had eight alias names, four criminal convictions, and several arrests. Because the criminal convictions were not sealed, expunged, or impounded, section 2-103(A) did not bar the City from considering them during the hiring process. While we recognize the background check revealed petitioner had also been arrested several times, nothing in the record indicates the City relied on the arrest information, rather than on petitioner's convictions, in reaching its decision not to employ petitioner.

The Department's finding of lack of substantial evidence is supported by the record. We find the Chief Legal Counsel did not abuse his discretion by sustaining The Department's dismissal of petitioner's charge.

CONCLUSION

We affirm the Chief Legal Counsel's order.

Affirmed.

HOFFMAN, and SOUTH, JJ., concur.