2025 IL App (1st) 231577-U

No. 1-23-1577

Order filed August 26, 2025

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| JERICO MATIAS CRUZ, | ) | Petition for Direct |
| | ) | Administrative Review of a |
| Petitioner-Appellant, | ) | Decision of the Human Rights |
| | ) | Commission. |
| v. | ) | |
| | ) | Charge No. 2022 CP 1800 |
| THE ILLINOIS HUMAN RIGHTS COMMISSION, | ) | |
| ILLINOIS DEPARTMENT OF HUMAN RIGHTS, and | ) | |
| FIVE BELOW, INC., | ) | |
| | ) | |
| Respondents-Appellees. | ) | |

_____

JUSTICE ELLIS delivered the judgment of the court.
Presiding Justice Van Tine and Justice Howse concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Affirmed. The Illinois Human Rights Commission did not abuse its discretion in upholding the determination of lack of substantial evidence of discrimination.

¶ 2    Petitioner Jerico Matias Cruz filed with the Illinois Department of Human Rights

(Department) a sworn charge of discrimination against respondent Five Below, Inc. (Five

Below). Petitioner alleged Five Below denied him full and equal enjoyment of its store because

of his national origin, race, and military status, in violation of section 102(A) of the Illinois Human Rights Act (775 ILCS 5/5-102(A) (West 2022)). The Department dismissed the charge for lack of substantial evidence. Cruz requested a review with the Illinois Human Rights Commission (Commission), which sustained the finding. Cruz filed a direct appeal with this Court. We affirm.

¶ 3     Cruz filed the charge with the Department on September 23, 2022, alleging Five Below discriminated against him when it denied him the full and equal enjoyment of its facility based on his national origin (Philippines), race (Asian), and military status (honorably discharged U.S. Army veteran). For all claims, he alleged that, on November 11, 2021, Five Below's managers did not permit him to use the store's fitting room and accused him of harassing customers. On November 12, 2021, he returned to Five Below but was told he was banned from the store and would be "subject to criminal trespassing" if he returned. Cruz alleged that, under similar circumstances, Five Below treated similarly situated non-Filipino, non-Asian, and non-veteran individuals more favorably. Cruz also alleged Five Below "may be aware" of his military status because his military records were public record.

¶ 4     The Department investigated Cruz's charge and prepared a report dated May 23, 2023. As part of its investigation, the Department's investigator interviewed Cruz and Dennis Mulgrew, in-house counsel for Five Below. The investigator recounted as uncontested facts that Five Below's facility was located inside the Eden's Collection Mall, which was a shopping mall containing 126 retailers. It was also uncontested that Cruz had filed additional charges of discrimination against other companies associated with the mall, including Fifth Third Bank, NVA Starbucks Corporation, NVA Forest Glen Veterinary Management, LLC, Target

Corporation, LAEC d/b/a The Jaffe Companies, MVP Security, Xport Fitness, and Innovative Parking Solutions. The investigator's report designated as Counts A, B, and C the allegations concerning the events of November 11, 2021, and designated as Counts D, E, and F the allegations concerning the events of November 12, 2021.

¶ 5    As to all six counts, Cruz stated he was unable to specify when or how Five Below became aware of his national origin, race, or military status. Cruz did not know the national origin, race, or military status of any other patrons at Five Below's facility. He could not specify why he believed Five Below denied him service and stated he "has no notification" that he was banned from Five Below's facility.

¶ 6    As to Counts A, B, and C, Cruz stated that, on November 11, 2021, he purchased items from Five Below for his dog. Five Below's managers did not allow him to use their fitting room and accused him of harassing customers. "Jamie," whose last name, race, national origin, and military status were unknown, told Cruz he would call the police if Cruz did not leave.

¶ 7    As to Counts D, E, and F, Cruz stated that the next day, on November 12, 2021, he returned to Five Below intending to purchase "several items." The manager from the prior day told him he was banned from the store and that, if he attempted to return, he would be subject to arrest for criminal trespassing. Cruz could not specify how he was treated differently from similarly situated non-Filipino, non-Asian, or non-honorably discharged U.S. Army veterans.

¶ 8    Mulgrew stated that Five Below does not discriminate against anyone based on national origin, race, military status, or any other protected status. As to all six counts, Mulgrew stated that Five Below had no record of Cruz ever being denied the full and equal enjoyment of its facility, denied purchases, or warned of criminal trespassing. Mulgrew also stated that the

allegations in Counts A, B, and C could not have occurred because Five Below did not have fitting rooms in its facility. Five Below's in-store personnel indicated that in or around late 2021, Cruz may have been banned from Eden's Collection Mall in which the subject Five Below facility was located due to his "disruptive behavior" at other retailers. Five Below could not confirm the ban because it was not a party to the ban or to any trespass warning by the mall.

¶ 9    In rebuttal, Cruz stated he has video recorded of "the two incidents."

¶ 10    The investigator recommended a finding of lack of substantial evidence on all counts. The investigator found the evidence did not show Five Below had denied Cruz the full and equal enjoyment of its facility because of his national origin, race, or military status. Cruz failed to show that he made Five Below aware of his national origin, race, or military status, or that Five Below acted with any anti-Philippine, anti-Asian, or anti-military veteran animus. The investigator found Cruz also failed to show that Five Below denied him the use of a fitting room or banned him from its facility. Further, documented evidence "Exhibit B" showed that Five Below did not have fitting rooms in its facility. Cruz did not identify any similarly situated individuals who were non-Filipino, non-Asian, or not an-honorably discharged U.S. Army veteran, and who were treated more favorably than him.

¶ 11    The Department accepted the investigator's recommendations and dismissed Cruz's charge for lack of substantial evidence.

¶ 12    Cruz filed a request for review with the Commission, reiterating his public accommodation discrimination charge. He also contended that the Department's report made "several false statements on the uncontested facts," disputing the report's information regarding the locations and business affiliations of the other companies against which he had filed charges.

Cruz alleged the Department failed to properly investigate his public accommodation complaint, as his email correspondence with the Department's investigator stopped on December 6, 2022, when the investigator acknowledged receipt of Cruz's questionnaire answers. He also asserted the Department failed to conduct a complainant interview or fact-finding conference.

¶ 13     The Department filed a response to Cruz's request for review, reiterating its findings that its investigation did not reveal substantial evidence supporting Cruz's charge. As to the alleged "false statements" raised by Cruz, the Department asserted there was no evidence the challenged statements of uncontested facts were false, and the statements were immaterial to Cruz's charges.

¶ 14     As to Cruz's claim that the Department ceased corresponding with him and failed to conduct a complainant interview or fact-finding conference, the Department asserted it did interview Cruz on December 6, 2022. The Department also stated it conducted a fact-finding conference on January 12, 2023, at 10 a.m. The Department's investigator mailed notice of the conference to Cruz at the address Cruz provided to the Department. The conference was ultimately conducted as scheduled with only the participation of the investigator and Five Below's counsel.

¶ 15     On August 29, 2023, the Commission entered a final order sustaining the Department's dismissal for lack of substantial evidence. The Commission found that Cruz failed to identify similarly situated persons outside his protected class who were treated more favorably. As a result, the Commission could not infer that he was treated differently because of his protected class. The Commission also noted that Cruz failed to identify how he was prejudiced by any allegedly false statements made in the Department's report.

¶ 16 The Commission further found that the Department's investigator properly investigated Cruz's charges, as he asked Cruz questions and received his responses, as evidenced in Cruz's request for review. The Commission stated that the Department's records further indicated that the Department held a fact-finding conference but Cruz did not attend. The Commission found that Cruz failed to articulate how he was prejudiced by any alleged deficits in the Department's investigation.

¶ 17 Under section 8-111(B)(1) of the Act (775 ILCS 5/8–111(B)(1) (West 2022)), Cruz timely filed a *pro se* petition for administrative review in this court.

¶ 18 On appeal, Cruz seeks reversal of the Commission's decision sustaining the dismissal of his public accommodation discrimination charge. Cruz argues the Commission failed to "properly review" the exhibits attached to his request for review, did not "procedurally follow and review" his request for review as provided for under the Act and the administrative code, and failed to "properly review the prima facie evidence and material facts" set forth in his complaint and request for review.

¶ 19 We review the Commission's decision for an abuse of discretion. *Young v. Illinois Human Rights Comm'n*, 2012 IL App (1st) 112204, ¶ 32. We will not reverse the Commission's decision unless it is arbitrary or capricious, meaning "it contravenes legislative intent, fails to consider a critical aspect of the matter, or offer[s] an explanation so implausible that it cannot be regarded as the result of an exercise of the agency's expertise." *Id.* ¶ 33. We will not reweigh the evidence or substitute our judgment for that of the Commission. *Id.*

¶ 20 Under the Act, the Department conducts an investigation and may dismiss a charge of discrimination upon a determination that there is no "substantial evidence" supporting the

charge. 775 ILCS 5/7A-102(C), (D)(3) (West 2022). The Act defines "substantial evidence" as "evidence which a reasonable mind accepts as sufficient to support a particular conclusion and which consists of more than a mere scintilla but may be somewhat less than a preponderance" of proof. 775 ILCS 5/7A-102(D)(2) (West 2022). "[M]ere speculation and conjecture does not constitute substantial evidence." *Folbert v. Department of Human Rights*, 303 Ill. App. 3d 13, 25 (1999).

¶ 21 A complainant may seek review of the Department's dismissal of the charge by filing a request for review with the Commission. 775 ILCS 5/7A-102(D)(3) (West 2022). During its review, the Commission "may consider the Department's report, any argument and supplemental evidence timely submitted, and the results of any additional investigation conducted by the Department in response to the request." 775 ILCS 5/8-103(B) (West 2022). Where the Commission sustains the dismissal, the complainant may, as here, seek direct appellate review of the Commission's final determination. 775 ILCS 5/8-111(B)(1) (West 2022).

¶ 22 A complainant may prove discrimination via direct evidence, such as a written or oral admission, or by indirect evidence. *Board of Education of City of Chicago v. Cady*, 369 Ill. App. 3d 486, 495 (2006); *Lalvani v. Illinois Human Rights Comm'n*, 324 Ill. App. 3d 774, 790 (2001). Here, there was no direct evidence of discrimination, so Cruz was required to establish unlawful discrimination through indirect evidence. To show indirect evidence of discrimination, the complainant bears the initial burden of establishing a *prima facie* case of unlawful discrimination by a preponderance of the evidence. *Young*, 2012 IL App (1st) 112204, ¶ 34.

¶ 23 Cruz asserted discrimination premised on the denial of full and equal enjoyment of Five Below's facility. Section 5-102(A) of the Act provides it is a civil rights violation for any person

on the basis of unlawful discrimination to "[d]eny or refuse to another the full and equal enjoyment of the facilities, goods, and services of any public place of accommodation." 775 ILCS 5/5-102(A) (West 2022). A grocery store, clothing store, or other sales establishment is a public place of accommodation under the Act. 775 ILCS 5/5-101(A)(5) (West 2022).

¶ 24 The Act defines "unlawful discrimination," in relevant part, as discrimination against a person because of his actual or perceived national origin, race, and military status. 775 ILCS 5/1-103(Q) (West 2022). To establish a *prima facie* case of discrimination, a complainant must show that (1) "he is a member of a protected class"; (2) "he attempted to exercise the right to full benefits and enjoyment of a place of public accommodation"; (3) "he was denied those benefits and enjoyment"; and (4) "he was treated less favorably than similarly situated persons outside his protected class." (Internal quotation marks omitted.) *Dunn v. Human Rights Comm'n*, 2022 IL App (1st) 211155-U, ¶ 34 (unpublished order under Supreme Court Rule 23(e)).

¶ 25 We conclude the Commission did not abuse its discretion in finding that Cruz failed to establish a *prima facie* case of unlawful discrimination premised on Five Below denying him the full and equal enjoyment of its facility on the basis of his national origin, race, or military status. It is uncontested that Five Below is a place of public accommodation and that national origin, race, or military status are protected classes. See 775 ILCS 5/1-103(Q) (West 2022).

¶ 26 But the evidence is contested regarding whether defendant attempted to exercise the right to full benefits and enjoyment Five Below's facility and was denied those benefits and enjoyment. During the Department's investigation of Cruz's charge, Cruz told the Department's investigator that the managers of a Five Below facility denied him use of their fitting rooms, accused him of harassing customers, and banned him from its facility, telling him he would be

subject to arrest for criminal trespass if he returned. But in-house counsel for Five Below told the investigator that Five Below didn't *have* fitting rooms. Further, Five Below had no record that Cruz was ever denied free and equal use of the Five Below store, denied purchases at the store, or warned of criminal trespassing. Rather, Five Below had heard that the mall in which Five Below's facility was located had banned Cruz. Five Below was unable to confirm that ban because it was not party to it.

¶ 27 Ultimately, Cruz could not identify how Five Below was made aware of his national origin, race, or military status. He could not specify why he believed Five Below had denied him service, and he admitted he had no notice that Five Below had banned him from its facility. He also admitted he was unaware of the national origin, race, or military status of other patrons at the facility, and he failed to identify that any other patrons were outside the protected classes of which he was a member. As the Commission found, Cruz did not establish that he was "treated less favorably than similarly situated persons outside his protected class." Accordingly, the Commission properly determined that he failed to establish a *prima facie* case of unlawful discrimination. (Internal quotation marks omitted.) *Dunn*, 2022 IL App (1st) 211155-U, ¶ 34. We therefore find that the Commission's final order sustaining the Department's dismissal of his charge for lack of substantial evidence was not an abuse of discretion.

¶ 28 Nonetheless, Cruz claims the Commission failed to properly review the exhibits attached to his request for review and the "*prima facie* evidence and material facts," and that it failed to follow the "administrative procedure" of the Act and Title 56 of the Illinois Administrative Code. But Cruz's vague, speculative, and conclusory allegations are not enough to overcome the Commission's finding that the Department's investigation did not reveal "substantial evidence"

supporting his charge. See *Folbert*, 303 Ill. App. 3d at 25; Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) (a brief must "contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on").

¶ 29    We note that Cruz submitted documents as an appendix in this court that are not included in the record on appeal. We cannot consider facts and evidence not presented to the Commission. See 735 ILCS 5/3-110 (West 2022) ("No new or additional evidence in support of or in opposition to any finding, order, determination, or decision of the administrative agency shall be heard by the court.").

¶ 30    For these reasons, we could not possibly find that the Commission acted in an arbitrary or capricious manner in upholding the Department's dismissal for lack of substantial evidence. We affirm the final decision of the Commission.

¶ 31    Affirmed.