2026 IL App (1st) 241718-U

No. 1-24-1718

Order filed January 27, 2026

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| JERICO MATIAS CRUZ, | ) | Petition for Direct Review of an |
| | ) | Order of the Human Rights |
| Petitioner-Appellant, | ) | Commission |
| | ) | |
| v. | ) | Charge No. 2023 CP 1064 |
| | ) | |
| THE HUMAN RIGHTS COMMISSION, THE | ) | |
| DEPARTMENT OF HUMAN RIGHTS, and TARGET | ) | |
| CORPORATION d/b/a TARGET STORE, | ) | |
| | ) | |
| Respondents-Appellees. | ) | |

JUSTICE ELLIS delivered the judgment of the court.
Justices McBride and D.B. Walker concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Affirmed. Human Rights Commission did not abuse its discretion in upholding dismissal of petitioner's discrimination charge.

¶ 2    Petitioner Jerico Matias Cruz filed a charge of discrimination with the Illinois

Department of Human Rights (IDHR) pursuant to the Illinois Human Rights Act (Act). 775

ILCS 5/1-101 *et seq.* (West 2022). The charge alleged that Target Corporation d/b/a Target Store

(Target) discriminated against him based on race, color, national origin, military status, ancestry, and citizenship status. The IDHR dismissed the charge for lack of jurisdiction and lack of substantial evidence. Cruz sought review with the Illinois Human Rights Commission (Commission), which sustained the dismissal. Cruz filed a *pro se* direct appeal with this court. We affirm.

¶ 3     Cruz filed the charge on September 11, 2022, and perfected it on March 23, 2023. He alleged that the Target store located on the 4600 block of West Foster Avenue, in Chicago, Illinois, denied him the full and equal enjoyment of the facility on September 9, 2022, based on his race (Asian), color (light-complexioned), national origin (Philippines), military status (U.S. armed forces veteran), ancestry (Filipino), and citizenship status (naturalized U.S. citizen). Cruz alleged that while he was in the Target store, security personnel accused him of trespassing, and he was unable to complete his purchase. He further alleged that Target treated similarly situated patrons outside his protected categories differently under similar circumstances.

¶ 4     The IDHR investigated Cruz's charge and prepared a report dated February 2, 2024. As part of its investigation, the IDHR's investigator interviewed Cruz and Dalin Monge Sagastume, Target's security supervisor. The report noted as uncontested facts that Target operates as a retail store and that Cruz entered the store on September 9, 2022. We summarize the evidence obtained through the investigation.

¶ 5     Cruz told the investigator that he was a daily customer at the Target since it opened around 2018. He was not aware of Target's discrimination policy and did not disclose his race, color, national origin, ancestry, or military status to Target. Cruz used his military discount card to open a reward account with Target.

¶ 6    Cruz told the investigator that on May 29, 2022, Target asked him to leave after a customer complained about him while he was collecting petition signatures in the parking lot. Cruz did not leave, and Target called the police. An officer told Cruz to leave or he would be arrested for trespass. Cruz left the parking lot but stayed in the vicinity. (This May 29 incident was the subject of two other claims of human-rights violations that Cruz filed, one against Target and one against the company that leases the property. See *Cruz v. Human Rights Commission*, 2026 IL App (1st) 240973-U; *Cruz v. Human Rights Commission*, 2026 IL App (1st) 240938-U.)

¶ 7    Around September 9, 2022, Cruz entered the same Target location to make a purchase. Target security stopped him and accused him of trespassing based on the May 29, 2022, incident. Cruz stated that he had the right to enter the store, a place of public accommodation. No comments were made about his race, color, national origin, ancestry, or military status. He was not aware of any individual outside his classifications who was treated differently under similar circumstances. Cruz asserted that he was denied service based on his protected classes, because Target "forbid him entry to purchase items and accused him of trespassing."

¶ 8    Sagastume told the investigator that he was responsible for managing the safety of guests and employees. He provided a copy of Target's safety policy, indicating that security was to protect the physical safety, personal well-being, and emotional safety of customers and employees. Sagastume also provided a copy of Target's discrimination and harassment awareness literature.

¶ 9    Sagastume told the investigator that he was not aware of the May 29, 2022, incident, but a documented incident involving Cruz had occurred on June 16, 2022. During that incident, the Target store received complaints from several customers about Cruz, who was "aggressively"

soliciting signatures for his political campaign outside the store's entrance. The police were called when he refused to leave. Cruz received a notice of trespass, because he violated Target's policy against solicitation by soliciting, disturbing customers, causing customer complaints, and refusing Target's lawful request to leave the premises. Sagastume provided a copy of the incident report.

¶ 10     According to Sagastume, on September 9, 2022, Target security specialist Nicolis Gregory observed Cruz enter the store and alerted Sagastume. Sagastume told Cruz to leave based on the trespass notice issued on June 16, 2022. Cruz became upset, yelled at Sagastume, and recorded him on a cell phone. Sagastume walked towards the front of the store to avoid escalating the situation. Cruz then made a purchase and approached Sagastume and Gregory, yelling at them as he recorded them on his phone. Cruz exited and re-entered the store, "in what appeared to be an attempt to get a reaction from [Sagastume] and Gregory." Sagastume and Gregory did not engage with Cruz, who left.

¶ 11     Target submitted to the investigator an incident report dated September 9, 2022. The investigator also received an incident report dated February 18, 2022, documenting that an individual was told to leave the store after having been "kicked out."

¶ 12     In rebuttal, Cruz told the investigator that he was a Target customer and entitled to make purchases. He provided 42 receipts of purchases made at the Target store between May 2022 and June 2023, including purchases on June 16, 2022, and September 9, 2022.

¶ 13     The investigator recommended a finding of lack of jurisdiction for the count asserting discrimination based on citizenship and findings of lack of substantial evidence for the remaining counts. Specifically, the investigator noted that Cruz received a notice of trespass on June 16,

2022, and because of that notice, Target security approached him on September 9, 2022. Nevertheless, Cruz conceded he made a purchase at the store on September 9, 2022, and received the service he sought. Cruz did not identify any patrons, not of his protected statuses, whom Target treated more favorably under similar circumstances, nor did he provide evidence that Target's stated reasoning was pretextual.

¶ 14    The investigator found no evidence of "an animus" or denial of equal enjoyment based on race, ancestry, national origin, military status, or color. The investigator noted that citizenship status was not a protected class in public accommodation claims under the Act.

¶ 15    On February 2, 2024, the IDHR accepted the investigator's recommendations and dismissed Cruz's charge.

¶ 16    Cruz filed a request for review with the Commission. Cruz argued that Target violated his public accommodation rights "upon completion of two purchased items" and the IDHR erred in dismissing his charge. Cruz attached emails with the IDHR investigator, an annotated copy of the IDHR's findings, still images from the video on his phone, and a receipt from the Target store dated September 9, 2022.

¶ 17    On August 20, 2024, the Commission issued a final order sustaining the dismissal for lack of jurisdiction of the count alleging discrimination based on citizenship and sustaining the dismissal for lack of substantial evidence on the other bases of alleged discrimination. The Commission explained that Cruz's claims failed because he (1) made a purchase and was therefore not denied full and equal enjoyment of the Target location, and (2) failed to identify similarly situated persons outside his protected class who were not stopped and accused of

trespassing after receiving a notice of trespass. The Commission also noted that citizenship status is not a protected class for public accommodation claims under the Act.

¶ 18    Pursuant to section 8-111(B)(1) of the Act (775 ILCS 5/8-111(B)(1) (West 2024)), Cruz timely filed a *pro se* petition for direct administrative review in this court.

¶ 19    On appeal, Cruz seeks reversal of the Commission's decision sustaining the dismissal of his charge. Cruz argues that the Commission failed to "properly review" the *prima facie* evidence, material facts, and exhibits, and did not follow the review process provided under the Act and the administrative code.

¶ 20    We review the Commission's decision for an abuse of discretion. *Young v. Illinois Human Rights Comm'n*, 2012 IL App (1st) 112204, ¶ 32. Under this standard, we reverse a dismissal sustained by the Commission only if the decision was arbitrary or capricious. *Owens v. Department of Human Rights*, 403 Ill. App. 3d 899, 917 (2010). A decision is arbitrary or capricious when "it contravenes legislative intent, fails to consider a critical aspect of the matter, or offer[s] an explanation so implausible that it cannot be considered as the result of an exercise of the agency's expertise." *Young*, 2012 IL App (1st) 112204, ¶ 33.

¶ 21    As an initial matter, Cruz arguably forfeited review of the Commission's decision on the merits. Under Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020), a brief must "contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Further, "[p]oints not argued are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing." *Id*.

¶ 22    Among other deficiencies in his brief, Cruz does not develop a cognizable argument, supported by relevant authority, addressing the basis for the dismissal of his charge. Instead, his

brief recites statutes and facts that are only tangentially relevant; he fails to clearly address the issue on the appeal. Nevertheless, as the issues are not complex and we have the benefit of the Commission's brief, we consider the merits of the appeal. See *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001) (finding meaningful review was not precluded, as merits of appeal could be ascertained from record).

¶ 23 When a charge alleging a civil rights violation under the Act is filed, the IDHR must investigate the allegations and may dismiss a charge if no "substantial evidence" supports the charge. 775 ILCS 5/7A-102(C), (D)(3) (West 2024). "[S]ubstantial evidence" is "evidence which a reasonable mind accepts as sufficient to support a particular conclusion and which consists of more than a mere scintilla but may be somewhat less than a preponderance." *Id*. § 7A-102(D)(2). A charge comprising "mere speculation and conjecture does not constitute substantial evidence." *Folbert v. Department of Human Rights*, 303 Ill. App. 3d 13, 25 (1999).

¶ 24 Following a dismissal, the complainant may request the Commission's review. 775 ILCS 5/7A-102(D)(3) (West 2024). If the Commission sustains the dismissal, the complainant may, as here, seek review of the Commission's order directly in this court. *Id*. § 8-111(B)(1). This court reviews the decision of the Commission, not the IDHR. See *Zaderaka v. Illinois Human Rights Comm'n*, 131 Ill. 2d 172, 180 (1989).

¶ 25 Cruz's discrimination charge was premised on the denial of full and equal enjoyment of Target's facility. Section 5-102(A) of the Act states that a civil rights violation occurs when a person, on the basis of unlawful discrimination, denies or refuses to another person "the full and equal enjoyment of the facilities, goods, and services of any public place of accommodation." 775 ILCS 5/5-102(A) (West 2022). Unlawful discrimination includes discrimination on the basis

of, among other factors, race, color, national origin, ancestry, or military status. *Id*. § 1-103(Q). A retail store is a place of public accommodation. See *id*. § 5-101(A)(5).

¶ 26    A complainant may prove discrimination by presenting direct evidence, such as proof of a racial slur or a written or oral admission, or through indirect evidence. *Board of Education of City of Chicago v. Cady*, 369 Ill. App. 3d 486, 495 (2006); *Lalvani v. Illinois Human Rights Comm'n*, 324 Ill. App. 3d 774, 790 (2001). Because there was no direct evidence of discrimination, Cruz needed to establish unlawful discrimination through indirect evidence.

¶ 27    That meant Cruz had to first establish a *prima facie* case of unlawful discrimination by a preponderance of the evidence. *Young*, 2012 IL App (1st) 112204, ¶ 34. He must show that he (1) is a member of a protected class, (2) attempted to exercise the right to full benefits and enjoyment of a place of public accommodation, (3) was denied those benefits and enjoyment, and (4) was treated less favorably than similarly situated persons outside his protected class. *Dunn v. Human Rights Comm'n*, 2022 IL App (1st) 211155-U, ¶ 34.

¶ 28    At the outset, the Commission did not abuse its discretion in dismissing for lack of jurisdiction the charge of discrimination based on citizenship status, as it is not a protected class in public accommodation claims under the Act. See 775 ILCS 5/2-101(K) (West 2024) (citizenship status not listed in Act's definition of unlawful discrimination).

¶ 29    The Commission also did not abuse its discretion in finding that Cruz failed to establish a *prima facie* case of unlawful discrimination. During the investigation, Cruz conceded that he completed his purchase at the Target store on September 9, 2022, and provided a receipt showing the transaction. On that basis alone, Cruz failed to establish a *prima facie* case of unlawful discrimination. See *Truger v. Department of Human Rights*, 293 Ill. App. 3d 851, 859 (1997)

(failing to present substantial evidence of an element of a *prima facie* case of discrimination supports the dismissal for lack of substantial evidence).

¶ 30    And as the Commission noted, Cruz failed to identify a similarly situated person outside his protected classes who was treated more favorably. Because Cruz did not establish that he was "treated less favorably than similarly situated persons outside his protected class," he also failed to establish a *prima facie* case of unlawful discrimination on that basis. *Dunn*, 2022 IL App (1st) 211155-U, ¶ 34. We therefore find that the Commission's final order sustaining the IDHR's dismissal of Cruz's discrimination charge was not an abuse of discretion.

¶ 31    As stated, Cruz fails to develop any argument supported by relevant case law establishing that the Commission abused its discretion in sustaining the IDHR's dismissal of his charge. Nothing in his brief provides a basis for this court to overturn the Commission's decision. See *Folbert*, 303 Ill. App. 3d at 25 ("A petitioner's discrimination charge consisting of mere speculation and conjecture does not constitute substantial evidence.").

¶ 32    As a final matter, Cruz submitted documents as an appendix to his brief that are not included in the record on appeal, but we cannot consider facts and evidence not presented to the Commission. See 735 ILCS 5/3-110 (West 2024) ("No new or additional evidence in support of or in opposition to any finding, order, determination, or decision of the administrative agency shall be heard by the court.").

¶ 33    The Commission did not abuse its discretion in upholding the IDHR's dismissal of Cruz's charge of discrimination. The final order of the Commission is affirmed.

¶ 34    Affirmed.