**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 180728-U

Order filed August 19, 2020

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| ISAIAH CRAWFORD SR., | ) | Petition for Direct Administrative Review |
| | ) | of an Order of the Illinois Human Rights |
| Petitioner-Appellant, | ) | Commission. |
| | ) | |
| v. | ) | Appeal No. 3-18-0728 |
| | ) | Charge No. 2011-SP-2763 |
| ILLINOIS HUMAN RIGHTS | ) | ALS No. 12-0536 |
| COMMISSION, ILLINOIS | ) | |
| DEPARTMENT OF HUMAN RIGHTS, | ) | |
| and PROJECT NOW, | ) | |
| | ) | |
| Respondents-Appellees. | ) | |

JUSTICE CARTER delivered the judgment of the court.
Justices Holdridge and Wright concurred in the judgment.

**ORDER**

¶ 1     *Held*:   On direct administrative review to the appellate court in a case involving a charge of unlawful public accommodation discrimination and retaliation, the appellate court found that: (1) the Illinois Human Rights Commission (Commission) erred when it dismissed count A of petitioner's charge based upon a lack of jurisdiction; and (2) the Commission did not err when it dismissed counts B through E of petitioner's charge based upon a lack of substantial evidence of discrimination or retaliation.  The appellate court, therefore, affirmed the Commission's decision in part, reversed the Commission's decision in part, and remanded the case with directions to the Commission for further proceedings on count A of petitioner's charge.

¶ 2    Petitioner, Isaiah Crawford Sr., filed a charge with the Illinois Department of Human Rights (Department), alleging that respondent, Project Now, a place of public accommodation, had discriminated and retaliated against petitioner in the provision of its services in violation of the Illinois Human Rights Act (Act) (775 ILCS 5/1-101 *et seq.* (West 2010)).  After investigating the matter, the Department dismissed the first count (count A) of petitioner's charge for lack of jurisdiction and dismissed the remaining four counts (counts B through E) for lack of substantial evidence of discrimination or retaliation.  Petitioner filed a request for review with the Illinois Human Rights Commission (Commission), and the Commission sustained the Department's dismissal of all five counts of petitioner's charge.  Petitioner then sought direct administrative review of the Commission's decision in this appellate court.  Upon completing our review, we affirm the Commission's dismissal of counts B through E of the charge, reverse the Commission's dismissal of count A of the charge, and remand this case with directions to the Commission for further proceedings on count A.

¶ 3                                         I. BACKGROUND

¶ 4    In November 2010, petitioner filed with the Department a charge of public accommodation discrimination and retaliation against Project Now (referred to hereinafter, at times, as the agency), a not-for-profit community action agency that provided emergency financial assistance to low-income families and seniors in Rock Island, Illinois.  The charge contained five counts.  Petitioner alleged in the charge that he had been denied the full and equal enjoyment of Project Now's Services.  More specifically, petitioner alleged in counts A, B, and D of the charge that Project Now had unlawfully discriminated against him based upon his race (African American) in violation of the Act in that: (1) on May 17, 2010, agency staff members followed petitioner outside the agency office and watched him leave the premises (the office

2

incident) (count A); (2) from May 18, 2010, through July 9, 2010, the agency ignored petitioner's request for information on the agency's program guidelines and policies (count B); and (3) on June 23, 2010, the agency denied petitioner's request for utility payment assistance, claiming that petitioner was disqualified from that assistance due to the amount of his household income (count D). In counts C and E of the charge, petitioner alleged that Project Now had unlawfully retaliated against him in violation of the Act for his prior opposition in 1999 and 2009 to the agency's discriminatory practices in that: (1) the agency ignored his request for information as previously stated (count C); and (2) denied his request for utility payment assistance as stated above (count E).

¶ 5        An investigator for the Department investigated petitioner's allegations, held a fact-finding conference with the parties, prepared an investigation report, and made recommendations to the Department on petitioner's allegations. Prior to the fact finding conference, petitioner provided the investigator with copies of the following documents: a fax receipt indicating that petitioner had faxed the original charge to the Department on November 10, 2010; a May 2010 letter petitioner and his wife, Constance, had sent to Project Now requesting assistance with repairing their minivan; and affidavits from petitioner's friends, Angela Hicks and Charlie Luke. In Hicks's affidavit, dated November 2011, Hicks stated that she had gone to Project Now in May 2010 to apply for utility payment assistance and that no one from the agency followed her out of the office and watched her leave the premises. Hicks stated further that in June 2010, Project Now provided her with assistance in paying her utility bills. In Luke's affidavit, dated July 2010, Luke stated that he had driven petitioner to Project Now on May 17, 2010, so that petitioner could get assistance having his minivan repaired. Luke stated further that when

3

petitioner left the office, two white women and an African-American male came outside and watched petitioner get into Luke's car.

¶ 6    According to the investigation report, the investigation revealed the following pertinent facts. In May 2010, petitioner sent a letter to Project Now requesting that the agency pay for repairs to petitioner's vehicle so that petitioner's wife could go to work and could take their children to school. Project Now later agreed to pay for the repairs at the repair shop petitioner had selected, although there was some back and forth between petitioner and Project Now as to whether the payment would be made to the repair shop up-front.

¶ 7    In June 2010, petitioner requested Project Now's assistance in paying some or all of his utility bills. After members of the Project Now staff met with petitioner and went over his financial information, Project Now denied petitioner's request for utility assistance because his household income was more than the program requirements allowed. Petitioner appealed that decision, and his appeal was denied by the energy coordinator of Project Now based upon the amount of petitioner's household income. Along with notice of the denial, Project Now provided petitioner with a copy of the income guidelines for the utility assistance program and told petitioner that he could re-apply for the program if his household income changed. As evidence of discrimination regarding the denial of utility payment assistance, petitioner pointed to his friend, Angela Hicks, who had received utility payment assistance from Project Now. The investigation revealed, however, that Hicks was not of a different race than petitioner and that her household income did not exceed the requirements of the utility payment assistance program.

¶ 8    The following month, in July 2010, petitioner sent a letter to Project Now's Equal Employment Opportunity/Affirmative Action Officer claiming that he had been discriminated against by the agency based upon his race. In November 2010, petitioner filed his charge of

4

discrimination with the Department. The investigator stated in her report that petitioner's charge was filed on November 16, 2010, but did not indicate in her report how she had made that determination.

¶ 9        As part of the investigation, petitioner acknowledged that he had received services from the agency over many years in the past. With regard to the prior discriminatory incidents, the investigation revealed that in 1999, petitioner had requested that Project Now pay for a new water heater for petitioner. Project Now denied the request because of its spending cap. Petitioner complained to the Director (presumably of Project Now), and Project Now paid for petitioner's new water heater. No information was provided on the alleged 2009 discriminatory incident.

¶ 10       Although petitioner complained that his recent requests for information had been ignored, the investigation showed, and petitioner acknowledged, that he had received a copy of Project Now's program brochure, which described all of the programs available at or through the agency, and also copies of Project Now's income guidelines and energy-assistance guidelines. Petitioner was not, however, given copies of Project Now's internal policies, as copies of those documents were not given out to clients.

¶ 11       After completing the investigation, the investigator recommended that the Department make a finding of no jurisdiction as to count I because the incident of which petitioner complained took place on May 17, 2010 (the office incident), and petitioner had not filed his discrimination charge, according to the investigator, until November 16, 2010, which was three days past the end of the 180-day filing period (see 775 ILCS 5/7A-102(A)(1) (West 2010) (requiring, at that time, that a charge for a violation of civil rights be filed with the Department within 180 days after the civil rights violation was committed)). As to the remaining counts, the

5

investigator recommended that the Department make a finding of a lack of substantial evidence because the investigation showed that: petitioner had received information from Project Now, except for internal policies; petitioner was denied utility assistance due to the amount of his household income, which made him ineligible for that assistance; no evidence was presented to establish, and the investigation did not find, a similarly situated person who was treated more favorably than petitioner because of that person's race; no connection or nexus existed between petitioner's race and the denial of assistance; and no evidence had been presented to establish that petitioner was denied equal enjoyment of Project Now's services.

¶ 12    In March 2012, the Department issued its decision. The Department adopted all of the investigator's recommendations and dismissed count A of petitioner's charge for lack of jurisdiction and dismissed counts B through E for lack of substantial evidence.

¶ 13    In June 2012, petitioner filed a request to have the Commission review the Department's decision. Petitioner re-filed that request in August 2012 to comply with the Commission's page-limitation requirements for requests for review. Petitioner attached to his refiled request numerous supporting documents (either as attachments to the request itself or as attachments to some of the supporting documents), which included copies of the following: the fax sheet indicating that petitioner had filed his charge with the Department on November 10, 2010; an affidavit of petitioner's wife, Constance, dated June 2012 describing the couple's interaction with Project Now over the years and Project Now's refusal to provide the couple with information; a letter dated July 2011 that petitioner had sent to the Department's investigator indicating that petitioner had filed his charge with the Department by fax on November 10, 2010; a public accommodation information sheet that petitioner had faxed to the Department on November 10, 2010; the May 2010 letter that petitioner and his wife had sent to Project Now

6

requesting assistance paying for repairs to their minivan; a notice of delinquency and intention to disconnect service dated June 2010 from the City of Rock Island for petitioner and his wife's water service; a letter dated November 2011 that petitioner had sent to the Department's investigator with documents to be considered as part of the investigator's fact-finding conference; the November 2011 affidavit of Angela Hicks; a water bill of Hicks dated August 2010 showing that the bill had been paid in June 2010; and the July 2010 affidavit of Charlie Luke.

¶ 14        The Department filed a response to petitioner's request for review and recommended in the response that the Commission sustain the Department's dismissal of all five counts of petitioner's charge. The Department attached several supporting documents to its response, including a copy of the Department investigator's investigation report dated March 2012.

¶ 15        In November 2018, a three-panel member of the Commission issued its decision on petitioner's request for review and sustained the dismissal of all five counts of petitioner's charge. As to count A of the charge, the Commission found that dismissal for lack of jurisdiction was proper because petitioner's charge was not filed until November 26, 2010, which was more than 180 days after the incident alleged in count A (the May 17, 2010, office incident) had occurred, as required by statute (see 775 ILCS 5/7A-102(A)(1) (West 2010)). The Commission did not indicate in its order how it had determined the date upon which petitioner's charge had been filed with the Department. As for the remaining counts of petitioner's charge (counts B through E), the Commission found that dismissal based upon a lack of substantial evidence was proper because there was no substantial evidence that petitioner had been denied any services due to his race or in retaliation. In making that finding as to the remaining counts, the Commission noted that: (1) although petitioner alleged in counts B and C that his request for

7

information from Project Now was ignored, the Department's investigation did not reveal any information that petitioner had been denied and it was uncontested that petitioner had been provided with brochures detailing the programs that were offered and the requirements of those programs; (2) while petitioner alleged in counts D and E that he was denied full enjoyment of Project Now's utility assistance program due to his race and in retaliation, the Department's investigation revealed that petitioner was denied use of that service because he did not meet the income requirements of the program and petitioner was unable to identify someone who was not a member of his protected class who had been granted utility assistance even though he or she did not qualify financially for that assistance; (3) even if petitioner had been able to demonstrate that he was denied a service for which he was otherwise eligible, he would not have been able to prove that the denial was in retaliation for opposing unlawful discrimination since he could not demonstrate a causal connection or nexus between the denial of services and the protected activity; and (4) the time period between petitioner's protected activities (in 1999 and 2009) and the alleged retaliation (the denial of utility payment assistance in June 2010) was too remote to establish an inference of connectedness under the law.

¶ 16     Petitioner filed a *pro se* petition for direct administrative review in this court to challenge the Commission's decision sustaining the dismissal of all five counts of petitioner's charge of unlawful discrimination and retaliation.

¶ 17                                    II. ANALYSIS

¶ 18                          A. Dismissal of Count A of
                        Petitioner's Charge for Lack of Jurisdiction

¶ 19     As his first point of contention on appeal, petitioner argues, and respondents concede, that the Commission erred when it sustained the dismissal of count A of petitioner's charge based upon a finding of lack of jurisdiction.  The incident referred to in count A of petitioner's

charge where Project Now staff members followed petitioner out of the office and watched him leave the premises allegedly occurred on May 17, 2010. Pursuant to the Act, petitioner had 180 days from that date to file a charge with the Department pertaining to that incident.[1] See 775 ILCS 5/7A-102(A)(1) (West 2010); *Trembczynski v. Human Rights Comm'n*, 252 Ill. App. 3d 966, 969 (1993) (stating that the 180-day filing requirement is jurisdictional and that failure to file a charge within the 180-day period deprives the Department and the Commission of jurisdiction to proceed further on the charge). The only evidence contained in the record in the instant case—the fax receipt that petitioner presented—indicated that the charge was filed by fax with the Department on November 10, 2010, a date that was within the 180-day filing period. The Commission found that petitioner's charge was filed on November 26, 2010—a date that was not within the 180-day filing period—but, as the parties correctly note, there is no evidence in the record to support the Commission's finding in that regard. Nor is there any evidence in the record to support the finding in the Department's investigation report that petitioner had filed the charge on November 16, 2010, a date that was also not within the 180-day filing period. Because the Commission's determination is not supported by any evidence in the record, we must conclude that the Commission's finding of fact regarding the filing date of petitioner's charge is against the manifest weight of the evidence.[2] See 775 ILCS 5/8-111(B)(2) (West 2010)

---

[1] The statute has since been amended and the time period for filing a charge with the Department has been increased to 300 days. See 775 ILCS 5/7A-102(A)(1) (West 2018).

[2] Although it has no effect on our decision on this issue, we do not agree with respondents' assertion that this issue involves a mixed question of fact and law. This is not a situation where the facts were admitted or established and the Commission merely had to apply the undisputed law to the established facts. See *Petrovic v. Department of Employment Security*, 2016 IL 118562, ¶ 21 (defining a mixed question of fact and law as one where the court is required to determine the legal effect of a given set of facts). To the contrary, petitioner claimed, and presented proof, that he had filed his charge on November 10, 2010. The Department's investigation report stated, without any support, that petitioner had filed his charge on November 16, 2010. The Commission made an equally unsupported finding of fact that petitioner's charge was filed on November 26, 2010. Based upon that finding of fact, the Commission concluded that petitioner had not filed his charge within 180 days after the May 17, 2010,

(indicating that in any proceeding brought for direct administrative review in the appellate court, the Commission's findings of fact must be sustained unless they are against the manifest weight of the evidence); *Anderson v. Human Rights Comm'n*, 314 Ill. App. 3d 35, 49 (2000) (noting that an administrative agency's decision is against the manifest weight of the evidence only when it is clearly evident that the agency should have reached the opposite conclusion). We, therefore, reverse the Commission's decision on count A of petitioner's charge and remand this case for the Commission to resolve the filing date of the charge and, if necessary, to proceed with a review of the merits of count A. In making its determination, the Commission may remand the matter to the Department for the Department to investigate and rule upon the filing date and/or the merits of count A of petitioner's charge.

¶ 20
### B. Dismissal of Counts B through E of Petitioner's Charge for Lack of Substantial Evidence of Discrimination or Retaliation

¶ 21        As his second point of contention on appeal, petitioner argues that the Commission erred in sustaining the dismissal of counts B through E of his charge based upon a finding that there was a lack of substantial evidence of discrimination or retaliation. As best as we can discern, petitioner asserts that the evidence before the Commission was sufficient to establish a *prima facie* case of both discrimination and retaliation and that counts B through E of his charge, therefore, should not have been dismissed. In making that assertion, petitioner contends that contrary to the Commission's ruling, the evidence in this case showed that: (1) petitioner sought and was qualified to use Project Now's services; (2) petitioner was denied the full use and enjoyment of those services when Project Now ignored his request for information and denied

---

incident occurred as required by statute (see 775 ILCS 5/7A-102(A)(1) (West 2010)) and that jurisdiction was, therefore, lacking.

his request for utility payment assistance; (3) Project Now did so because of petitioner's race and in retaliation for petitioner opposing prior discriminatory conduct by Project Now; and (4) non-African-American clients of Project Now were treated more favorably than petitioner. In further support of his retaliation claim, petitioner contends that the timing of the denial of services in this case gives rise to an inference that Project Now was acting with retaliatory motivation because the denial was close in time to prior instances when petitioner opposed unlawful discrimination by Project Now in 1999 and 2009. Petitioner also asserts that Project Now's denial of services violated his due process and equal protection rights under the law. For all of the reasons stated, petitioner asks, although somewhat implicitly, that we reverse the Commission's ruling sustaining the dismissal of counts B through E of his charge and that we remand this case for further proceedings.

¶ 22 Respondents argue that the Commission's ruling on counts B through E of petitioner's charge was proper and should be upheld. In support of that argument, respondents assert, in sum, that: (1) petitioner failed to establish a *prima facie* case of either discrimination or retaliation because he failed to show that he was denied any of the information he requested, that similarly situated persons who were not members of petitioner's protected class were treated more favorably, or that a causal connection existed between petitioner's protected acts and Project Now's alleged conduct of retaliation; (2) Project Now presented valid nondiscriminatory and nonretaliatory reasons for its conduct, which petitioner failed to establish were pretextual; and (3) any arguments by petitioner that his due process and equal protection rights were violated should be disregarded by this court because petitioner forfeited those arguments on appeal. For all of the reasons set forth, respondents ask that we affirm the Commission's ruling

11

sustaining the dismissal of counts B through E of petitioner's charge based upon a finding of lack of substantial evidence.

¶ 23    Pursuant to the Act, it is a civil rights violation for any person, based upon unlawful discrimination, to deny or refuse another the full and equal enjoyment of the facilities, goods, and services of any public place of accommodation. 775 ILCS 5/5-102(A) (West 2010). "Unlawful discrimination" includes discrimination against a person because of that person's race or color. 775 ILCS 5/1-103(Q) (West 2010). It is also a civil rights violation under the Act for a person to retaliate against another individual because that individual opposed what he or she reasonably, and in good faith, believed was unlawful discrimination. See 775 ILCS 5/6-101(A) (West 2010).

¶ 24    When a petitioner files a charge with the Department claiming a violation of the Act, the Department is required to investigate the charge to determine whether the petitioner's allegations are supported by substantial evidence. 775 ILCS 5/7A-102(C)(1) (West 2010); *Young v. Illinois Human Rights Comm'n*, 2012 IL App (1st) 112204, ¶ 8. "Substantial evidence" is defined in the Act as "evidence which a reasonable mind accepts as sufficient to support a particular conclusion and which consists of more than a mere scintilla but may be somewhat less than a preponderance." 775 ILCS 5/7A-102(D)(2) (West 2010); *Young*, 2012 IL App (1st) 112204, ¶ 8. If the Department determines that the charge is not supported by substantial evidence, the Department must dismiss the charge. See 775 ILCS 5/7A-102(D)(3) (West 2010); *Young*, 2012 IL App (1st) 112204, ¶ 8. If the Department does so, the petitioner may either file a request for review with the Commission or file a civil action in the trial court. See 775 ILCS 5/7A-102(D)(3) (West 2010); *Young*, 2012 IL App (1st) 112204, ¶ 8.

12

¶ 25    Petitioner in the instant case filed a request for review with the Commission. When the Commission reviews the Department's decision, the Commission may consider the Department's report, any argument and evidence timely submitted, and the results of any additional investigation conducted by the Department. 775 ILCS 5/8-103(B) (West 2010); *Young*, 2012 IL App (1st) 112204, ¶ 23. If the Commission sustains the Department's dismissal of the charge, the petitioner may file a direct administrative appeal with the appellate court for the district where the alleged violation took place. See 775 ILCS 5/8-111(B)(3) (West 2010); *Parham v. Macomb Unit School District No. 185*, 231 Ill. App. 3d 764, 767, 770 (1992).

¶ 26    On direct administrative review, this court reviews the Commission's ruling, not the ruling of the Department. See *Truger v. Department of Human Rights*, 293 Ill. App. 3d 851, 858 (1997). The Commission's ruling sustaining the dismissal of a discrimination or retaliation charge for lack of substantial evidence will not be reversed on appeal absent an abuse of discretion. See *Young*, 2012 IL App (1st) 112204, ¶¶ 31-32; *Welch v. Hoeh*, 314 Ill. App. 3d 1027, 1034 (2000). An abuse of discretion occurs when: (1) the Commission's decision is arbitrary or capricious in that it contravenes legislative intent, fails to consider a critical aspect of the matter, or offers an explanation so implausible that it cannot be regarded as the result of an exercise of the Commission's expertise; or (2) no reasonable person could agree with the Commission's position. See *Young*, 2012 IL App (1st) 112204, ¶ 33. In reviewing the Commission's ruling, this court will not reweigh the evidence or substitute its judgment for that of the Commission. See *id.* ¶ 33; *Welch*, 314 Ill. App. 3d at 1034.

¶ 27    When analyzing claims under the Act, we find it helpful to use the three-part framework that our supreme court adopted in *Zaderaka v. Illinois Human Rights Commission*, 131 Ill. 2d 172 (1989). See *Zaderaka*, 131 Ill. 2d at 178 (adopting a three-part framework for employment

13

discrimination claims under the Act); *Young*, 2012 IL App (1st) 112204, ¶ 34; *LaRiviere v. Board of Trustees of Southern Illinois University*, 926 F.3d 356, 360 (7th Cir. 2019) (applying the three-part framework to claims of employment discrimination and retaliation under federal law). Under the three-part framework, the burden of production is on the petitioner first to show a *prima facie* case of unlawful discrimination or retaliation against the respondent by a preponderance of the evidence. See *Zaderaka*, 131 Ill. 2d at 178-79; *Young*, 2012 IL App (1st) 112204, ¶ 34; *LaRiviere*, 926 F.3d at 360. If the petitioner does so, a rebuttable presumption arises that the respondent unlawfully discriminated or retaliated against the petitioner and the burden of production shifts to respondent to rebut the presumption by articulating (not proving) a legitimate, nondiscriminatory or nonretaliatory reason for its actions. See *Zaderaka*, 131 Ill. 2d at 179; *Young*, 2012 IL App (1st) 112204, ¶ 36. If the respondent rebuts the presumption, the burden of production shifts back to the petitioner to prove that the reason given by respondent was only a pretext for unlawful discrimination or retaliation. See *Zaderaka*, 131 Ill. 2d at 179; *Young*, 2012 IL App (1st) 112204, ¶ 36. Throughout the proceedings, however, the ultimate burden of persuasion remains on the petitioner. *Zaderaka*, 131 Ill. 2d at 179; *Young*, 2012 IL App (1st) 112204, ¶ 36.

¶ 28 To establish a *prima facie* case of public accommodation discrimination, a petitioner must prove the following three elements by a preponderance of the evidence: (1) that the petitioner was a member of a protected class; 2) that the petitioner was denied full use and enjoyment of the respondent's (the actor's) facilities, goods, and services; and 3) that other similarly situated individuals who were not within the petitioner's protected class were given full use and enjoyment of those facilities, goods, and services. See *Nugent*, Ill. Hum. Rts. Comm'n Or. 2014CP3623, at 2 (Mar. 6, 2019); *Igwe*, Ill. Hum. Rts. Comm'n Or. 2015SP2092, at 2 (Mar.

14

27, 2019); *Folbert v. Department of Human Rights*, 303 Ill. App. 3d 13, 25 (1999) (addressing a claim of employment discrimination). A petitioner's failure to establish any one of the elements of a *prima facie* case of discrimination is sufficient grounds to justify a dismissal of a petitioner's discrimination charge for lack of substantial evidence. See *Folbert*, 303 Ill. App. 3d at 25 (indicating that a claimant's failure to present substantial evidence of a *prima facie* discrimination claim or to disprove an employer's articulated reason for discharge warrants dismissal of the claimant's charge); *Hobgood v. Illinois Gaming Board*, 731 F.3d 635, 642 (7th Cir. 2013) (indicating in an employment discrimination case under federal law that the plaintiff loses if any one of the elements of the plaintiff's *prima facie* case is lacking).

¶ 29         To establish a *prima facie* case of retaliation, on the other hand, a petitioner must prove by a preponderance of the evidence that: (1) the petitioner engaged in a protected activity; (2) the respondent took an adverse action against the petitioner; and (3) there was a causal connection or nexus between the protected activity and the adverse action. *Nugent*, Ill. Hum. Rts. Comm'n Or. 2014CP3623, at 2; *Igwe*, Ill. Hum. Rts. Comm'n Or. 2015SP2092, at 3; *Welch*, 314 Ill. App. 3d at 1035. In some instances, a short time span (temporal proximity) between the protected activity and the adverse action may give rise to an inference of unlawful retaliation. See *Nugent*, Ill. Hum. Rts. Comm'n Or. 2014CP3623, at 2; *Hoffelt v. Illinois Department of Human Rights*, 367 Ill. App. 3d 628, 638 (2006) (indicating that a *prima facie* case of retaliatory discharge may be established by the employee showing a short time span between the filing of a discrimination charge and the adverse action taken by the employer). The Commission has previously ruled, however, that a time span of five months and twenty-three days was too remote. See *Nugent*, Ill. Hum. Rts. Comm'n Or. 2014CP3623, at 2. As with discrimination, a petitioner's failure to establish any one of the elements of a *prima facie* case for retaliation is sufficient grounds to

15

justify dismissal of a petitioner's retaliation charge for lack of substantial evidence. See *Folbert*, 303 Ill. App. 3d at 25; *Hobgood*, 731 F.3d at 642.

¶ 30     In the present case, after having reviewed the evidence before the Commission, we find that petitioner failed to establish a *prima facie* case of either public accommodation discrimination or retaliation. See *Nugent*, Ill. Hum. Rts. Comm'n Or. 2014CP3623, at 2; *Igwe*, Ill. Hum. Rts. Comm'n Or. 2015SP2092, at 2-3; *Folbert*, 303 Ill. App. 3d at 25; *Welch*, 314 Ill. App. 3d at 1035. First, as to petitioner's claim of discrimination based upon Project Now's alleged refusal to provide information and its denial of utility payment assistance, petitioner failed to establish both the second and the third element of a *prima facie* case (collectively as to both allegations). With regard to the second element, the evidence before the Commission showed, and it was undisputed that, Project Now had provided petitioner with all of the information he had requested, except for Project Now's internal policies. Thus, there was no indication that petitioner had been denied any information that was publicly available or that petitioner had been denied full use and enjoyment of Project's Now's facilities, goods, and services with regard to his request for information. As to the third element of a *prima facie* case of discrimination, petitioner failed to identify a single comparative person who had been treated more favorably than petitioner with regard to petitioner's request for information or his request for utility payment assistance. See *Nugent*, Ill. Hum. Rts. Comm'n Or. 2014CP3623, at 2; *Igwe*, Ill. Hum. Rts. Comm'n Or. 2015SP2092, at 2; *Folbert*, 303 Ill. App. 3d at 25. Indeed, petitioner did not identify any comparative person for his refusal to provide information claim, and, the only allegedly comparative person that petitioner identified as to his denial of utility assistance claim, Angela Hicks, was not a valid comparative person since she was not a member of a different class than petitioner and since her household income did not exclude her from the

16

utility assistance program (not similarly situated). Because petitioner failed to establish some of the elements of his *prima facie* case of public accommodation discrimination, a dismissal of the discrimination counts (counts B and D) of petitioner's charge was warranted. See *Folbert*, 303 Ill. App. at 25; *Hobgood*, 731 F.3d at 642. The Commission, therefore, did not commit an abuse of discretion when it sustained the Department's dismissal of the discrimination counts of petitioner's charge (counts B and D). See *Young*, 2012 IL App (1st) 112204, ¶ 33.

¶ 31        Second, as to petitioner's claim of retaliation by Project Now in the refusal to provide information and the denial of utility payment assistance, petitioner again failed to show both the second and third elements of a *prima facie* case (collectively as to both allegations). See *Nugent*, Ill. Hum. Rts. Comm'n Or. 2014CP3623, at 2; *Igwe*, Ill. Hum. Rts. Comm'n Or. 2015SP2092, at 3; *Welch*, 314 Ill. App. 3d at 1035. With regard to the second element, the evidence before the Commission showed that Project Now had not taken any adverse action against petitioner as to his request for information. See *Nugent*, Ill. Hum. Rts. Comm'n Or. 2014CP3623, at 2; *Igwe*, Ill. Hum. Rts. Comm'n Or. 2015SP2092, at 3; *Welch*, 314 Ill. App. 3d at 1035. To the contrary, the evidence showed, and it was undisputed that, Project Now had provided petitioner with all of the information he had requested, except for information that was internal to Project Now and had not been given out to clients. As for the third element of retaliation, there was no evidence presented of a causal connection or nexus between petitioner's alleged protected activities in 1999 and 2009 and Project Now's alleged refusal to provide information (from May through July 2010) and its denial of petitioner's request for utility payment assistance (in June 2010). Although petitioner suggests on appeal that the timing of Project Now's conduct in relation to his protected acts gave rise to an inference of a retaliatory motivation by Project Now, such is not the case under the established law in this area for the time spans involved here (11 years and 1

17

year). See *Nugent*, Ill. Hum. Rts. Comm'n Or. 2014CP3623, at 2 (noting that a time span of five months and twenty-three days between the petitioner's protected act and the respondent's alleged retaliatory conduct was too remote to give rise to an inference of retaliatory motivation). Thus, as with petitioner's discrimination claim, because petitioner failed to establish a *prima facie* case of retaliation, the dismissal of the retaliation counts (counts C and E) of petitioner's charge was warranted. See *Folbert*, 303 Ill. App. 3d at 25; *Hobgood*, 731 F.3d at 642. The Commission, therefore, did not commit an abuse of discretion when it sustained the Department's dismissal of the retaliation counts of petitioner's charge (counts C and E) for lack of substantial evidence. See *Young*, 2012 IL App (1st) 112204, ¶ 33.

¶ 32    In finding that no abuse of discretion occurred, we note that even if petitioner had established a *prima facie* case of discrimination and retaliation, the dismissal of the last four counts (counts B through E) of petitioner's charge would still have been warranted because Project Now articulated valid nondiscriminatory and nonretaliatory reasons for its conduct and petitioner did not present any evidence to suggest that those reasons were pretextual. See *Zaderaka*, 131 Ill. 2d at 179; *Young*, 2012 IL App (1st) 112204, ¶ 36. Project Now asserted, and the evidence showed, that a refusal by Project Now to provide any remaining information to petitioner was only because the information was internal to the agency and was not distributed to the general public. As for the denial of utility payment assistance, Project Now asserted, and the evidence showed, that Project Now denied petitioner's request because petitioner household income was too high and petitioner did not meet the eligibility requirements of the program. At no time in the proceedings did the petitioner present any evidence to suggest that the reasons for Project Now's conduct was pretextual or to suggest that he met the requirements of the utility assistance program.

18

¶ 33    Finally, although petitioner states in the conclusion paragraph of his appellate brief that his due process and equal protection rights were violated, petitioner has forfeited those arguments on appeal because petitioner did not raise those arguments before the Commission, has not developed those arguments before this court, and has not cited to any legal authority supporting those arguments here.  See Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018) (stating that the argument section of the appellant's brief shall contain the contentions of the appellant with the citations of the authorities relied upon); *Board of Education, Joliet Township High School District No. 204 v. Board of Education, Lincoln Way Community High School District No. 210*, 231 Ill. 2d 184, 205 (2008) (recognizing that in an administrative agency case, issues that were not raised before the agency, even constitutional issues that the agency lacks the authority to decide, will generally be forfeited by the party failing to raise those issues); *Vancura v. Katris*, 238 Ill. 2d 352, 370 (2010) (indicating that both argument and citation to relevant authority are required in an appellant's brief under Supreme Court Rule 341(h)(7) and that merely listing an issue or making a vague allegation of error is not sufficient); (*Peet v. Bouie Construction, Inc.*, 268 Ill. App. 3d 18, 22 (1994) (noting that the appellate court may disregard issues raised by the appellant on appeal which are not supported by relevant authority).  We, therefore, will not address those arguments further in this appeal.

¶ 34                                III. CONCLUSION

¶ 35    For the foregoing reasons, we affirm the Commission's ruling sustaining the dismissal of counts B through E of the petitioner's charge for lack of substantial evidence, we reverse the Commission's ruling sustaining the dismissal of count A of petitioner's charge for lack of jurisdiction, and we remand this case with directions to the Commission to resolve the filing date of the charge and, if necessary, to proceed with a review of the merits of count A.

19

¶ 36        Affirmed in part and reversed in part; cause remanded with directions.